## ÆTNA INSURANCE COMPANY

*v.*

## HORACE C. STIVERS.

1. INSURANCE—*duration of risk—necessary transhipment.* Under a policy of insurance for the safe carriage of stock, and which covered, with the usual exceptions, the perils of railway and river, and by special endorsement fixed the places of shipment and destination, and the route to be taken, the liability of the insurers continues during the necessary transhipment occurring on the designated route.

WRIT OF ERROR to the Circuit Court of Mason county; the Hon. CHARLES EMERSON, Judge, presiding.

The opinion states the case.

Mr. A. J. GALLAGHER, for the plaintiff in error.

Messrs. NELSON & ROBY, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action on a policy of insurance, to recover the value of a mule. It appears by the proof, that when the mules arrived at Cairo they were unloaded from the cars to a platform three or four feet high, from the end of which they were driven down an inclined plane for the purpose of being taken aboard the boat. Some of them walked down and some jumped down. One of them fell as it jumped, and died within an hour afterward, as was supposed, from some internal injury received in the fall.

The policy covers, with the usual exceptions, the perils of railway and river, and by a special endorsement, it fixes Decatur, Illinois, where the mules were shipped, as the place of commencement of the risk, and Vicksburg, Mississippi, to which point they were to be sent, as the place of its termination. The route specified in the endorsement was by the Illinois Central Road, from Decatur to Cairo, and by boat from Cairo to Vicksburg. The object of the policy was to effect an insurance against the perils of transportation from Decatur to Vicksburg.

A recovery is resisted on the ground, that the mule came to its death from a peril not covered by the policy, and it is asked by the counsel for plaintiff in error, whether the company would have been liable if the owner of the mules had kept them in a stable at Cairo for a few days, waiting for a boat, and one of them had injured himself during that time by jumping. Without answering that question before it arises, it is sufficient to say that is not the present case. This

mule was injured in the very act of being unloaded. The peril of being unloaded at Cairo was an unavoidable incident to the transportation from Decatur to Vicksburg, and of the very class against which it was the design of the parties—the one to give, and the other to obtain a guaranty. The company, by this policy, took upon itself, with the usual exceptions, the perils of railway and river, from one of these points to the other, specifying that the transhipment was to take place at Cairo, and it can not be permitted to deny that it thus took upon itself the perils incident to the transhipment. The transportation from Decatur to Vicksburg was, in the purview of this policy, a continuous transportation, and covered the transhipment from car to steamer as completely as any other portion of the route. Arnold on Insurance, 429 *it seq.* and notes ; *Wadsworth* v. *Pacific Ins. Co.*, 4 Wend., 38 ; *Coggshall* v. *Am. Ins. Co.*, 3 Wend., 283. The peril of unloading at Cairo was a peril happening, not after the termination of the risk by the arrival of the mules at Vicksburg, but one occurring midway in the transportation, and inseparable from it. It falls under the head of " perils of railway," named in the policy, and the owner of the mules is protected against it by both the spirit and letter of the policy. The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*