(Decided 14th January, 1870.)

---

## THE ANNAPOLIS AND ELKRIDGE RAILROAD COMPANY *vs.* THE PRESIDENT AND DIRECTORS OF THE BALTIMORE FIRE INSURANCE COMPANY.

### *Construction of a Policy of Insurance against Fire.*

A policy of insurance against loss by fire, taken out by a railroad company described a portion of the property insured as follows: " $2,250 on two Murphy & Allison passenger cars, say $1,125 on each, one of them being used as a baggage and passenger car, *contained in* the car house marked No. 1; and $3,000 on locomotive engine J. H. Nicholson, *contained in* the engine house marked No. 2." After the insurance one of the Murphy & Allison cars was entirely destroyed, and the engine greatly damaged by fire, while on the line of the railroad, making a regular trip. Upon an action brought by the railroad company against the insurance company for the injury thus done to the car and engine, it was HELD:

That the words "contained in" were not intended merely to describe the car and engine covered by the policy, but were designed to limit the risk of the insurance company to the time during which the car and engine were actually in the car and engine houses, and that having been injured when out of the car and engine houses, no recovery could be had on the policy.

APPEAL from the Superior Court of Baltimore City.

The facts of the case are sufficiently stated in the opinion of the Court. The plaintiff offered two prayers in the Court below: the first asserted the proposition that the plaintiff was entitled to recover for the injury sustained, notwithstanding the jury might find that the engine and passenger car, at the time of the burning, were not contained in the car and engine house respectively mentioned in the policy, but were in the course of their usual and appropriate employment on the plaintiff's railroad, several miles from Annapolis; the second prayer assumed the proposition embodied in the first prayer, and asserted that the verdict (if found for the plaintiff) should be for the amount of the actual loss sustained by the plaintiff from the fire, not exceeding the sum insured upon the property by the policy, or the amount claimed in the bill of particulars filed in the cause, with interest upon this amount, from the time of demand. These prayers the Court rejected, and the plaintiff thereupon excepted, and the verdict and judgment being for the defendant, the plaintiff appealed.

The cause was argued before BARTOL, C. J., BRENT, GRASON, MILLER and ROBINSON, J.

*Alex. Randall* and *Thomas Donaldson,* for the appellant.

Such construction should be placed upon the words in the policy describing the car and engine, the former of which was destroyed and the latter injured by the fire, as would be consistent with the nature and use of the subject insured, and the evident intent of the parties, and it should be liberal in favor of the insured. And the application having been, in fact,

prepared by the Insurance Company's own agent, its descriptions should not be construed rigidly as against the insured.

The words "*contained in*" are merely descriptive, for the purpose of identifying the articles insured, and cannot be construed as words of warranty in the application, or as words of condition in the policy. *Davison & Symington vs. Washington Fire Ins. Co.*, 30 *Md.*, 91; *Fitchburg R. R. Co. vs. Charlestown Mutual Ins. Co.*, 7 *Gray*, 64; *Allen vs. Charlestown Mutual Ins. Co.*, 5 *Gray*, 384; *Gloucester Manufacturing Co. vs. Howard Fire Ins. Co.*, 5 *Gray*, 497; *Crosby vs. Franklin Ins. Co.*, 5 *Gray*, 504; *Maryland Ins. Co. vs. Bossiere*, 9 *G. & J.*, 121; *Allegre vs. Maryland Fire Ins. Co.*, 6 *H. & J.*, 408; *Baltimore Eq. Soc. vs. Jolly*, 1 *H. & G.*, 295; *Phœnix Ins. Co. vs. Cochran*, 57 *Penn.*, 143; *City Ins. Co. vs. McLaughlin*, 53 *Penn.*, 487; *Merrick vs. Germania Co.*, 54 *Penn.*, 282; *Cumberland Valley Mutual Prot. Co. vs. Schell*, 29 *Penn.* 31; *Wall vs. Han. Ins. Co.*, 14 *Barb.* 383; *Dole vs. Marine Ins. Co.*, 6 *Allen*, 385; *Roth vs. City Ins. Co.*, 6 *McLean*, 324; *Howard Ins. Co. vs. Brewer*, 23 *Penn.* 50; *Mobile M. Ins. Co. vs. McMillan*, 27 *Alabama*, 77; *Beebe vs. Hartford Ins. Co.*, 25 *Conn.*, 51; *Stokes vs. Cox*, 38 *E. L. & E. Rep.*, 437; *Sales vs. Ins. Co.*, 2 *Curtis C. C.*, 610; *Frisbie vs. Fayette Ins. Co.*, 27 *Penn.* 325.

*S. Teackle Wallis* and *William Schley* for the appellee.

The policy covered the engine and passenger cars, in the engine house and in the car house, respectively. The word "contained," as used in the policy, is restrictive. *Moadinger vs. Mechanics' Fire Ins. Co.*, 2 *Hall*, 490; *Boynton vs. Clinton and Essex Ins. Co.*, 16 *Barb.*, 254; *Fitchburg R. R. Co. vs. Charlestown Mutual Ins. Co.*, 7 *Gray* 64; *Lycoming Co. Ins. Co. vs. Updegraff*, 40 *Penn.*, 321; *Ripley vs. Ætna Ins. Co.*, 30 *N. Y.*, 136; *Bull vs. Schuberth*, 2 *Md.*, 38; 1 *Starkie's Ev.*, 404, 416; *Parsons on Mercantile Law*, 494; *Duer on Insurance*, 176, 182.

GRASON, J., delivered the opinion of the Court.

On the 26th day of January, in the year 1864, the appellant procured its buildings and certain cars and engines to be insured by the appellee, and among the property, thus insured, were two Murphy & Allison passenger cars, " *contained in car house marked No.* 1," and engine, Joseph H. Nicholson, " *contained in the engine house marked No.* 2." After the insurance, one of the Murphy & Allison cars, thus insured, was entirely destroyed, and the engine, Joseph H. Nicholson, was greatly damaged by fire, while on the line of the railroad of the appellant, making one of its regular trips, between Annapolis and the Junction. For the damage sustained, the appellant sued the appellee, and the judgment being against it, this appeal was taken. The only question, presented by the record, which we consider material to the decision of the case, is, whether the car and engine in question, were covered by the policy of insurance when out of the car house and engine house described in the policy. It was urged by the counsel for the appellant, that the words, " *contained in,*" were used as, and intended to be, merely descriptive of the cars and engines covered by the policy, and were not intended to limit the risk of the appellee to the time, during which the cars and engines were actually in the car and engine houses. To support this argument, the fact, that the cars and engines, designed to be covered by the policy, were all brought together at the Annapolis depot, and were *in the car and engine houses at the time of the survey,* was relied upon. It will, however, be seen that the car house was not capable of holding all the cars at the same time, and that one of them was not, in fact, *in* the car house at that time. Nor were the words, " *in the engine house No.* 2," requisite to describe the engines, for the appellant had but the three, and they were designated by names, by which they could be accurately described and by which they were insured. We think that the terms, used in the policy, were intended for something more than a mere description of the property, and that

they must be construed as a limitation upon the risk assumed. But it was asked, how the words, "*contained in the car house marked No.* 1," could be construed to limit the risk to the time when the cars were actually *in* the car house, when it appeared that the car house could not contain all the cars which were covered by the policy? This question, we think, is easily answered. The intention of the railroad company was, evidently, to insure their buildings and *their contents* against fire, there being much greater danger of fire to their buildings, located in a city, and surrounded by other buildings, than to their trains upon the road and in charge of conductors and brakemen. While some of the cars, which were insured, were in use, others were not; but each car, in its turn, took its place in the car house, and, while actually contained therein, was covered by the policy; so that, by the terms of the contract, the appellee would have been liable for all damage by fire to any of the insured cars or engines, which might have occurred while they were actually in the car or engine house. In construing contracts of insurance, the Courts will give effect to the intention of the parties, to be gathered from the terms of the contract itself, if not inconsistent with the established rules of law. *Patapsco Insurance Company vs. Briscoe*, 7 *G. & J.*, 294; *Maryland Insurance Company vs. Bossiere*, 9 *G. & J.*, 121; *National Fire Insurance Company of Baltimore vs. Crane*, 16 *Md.*, 260. And every fact and declaration in the contract must be considered as the result of the design or agreement of the parties. 16 *Md.*, 260. By construing the words "*contained in*" as a limitation of the risk assumed, we give effect to all the terms of the contract and to the intention of the contracting parties, as far as it can be gathered from the contract itself, and we think this construction is fully warranted by the cases of *Boynton vs. Clinton and Essex Insurance Company*, 16 *Barb.*, 258; *Lewis and another vs. Springfield Fire and Marine Insurance Company*, 10 *Gray*, 159, and *Lycoming County Insurance Company vs. Updegraff*, 40 *Penn. Rep.*, 322.

As this view of the case is conclusive against the appellant's right to recover, the Court below was right in rejecting the first prayer. The second prayer was also properly rejected as a consequence of the rejection of the first, as well as because it asked the Court to instruct the jury that the railroad company was entitled to recover the amount of its loss with interest from the time when the demand for payment was made, when, by the terms of the contract the loss was to be paid *within sixty days after notice and proof thereof.*

As the judgment of the Court below will be affirmed, it is unnecessary to notice the points raised by the exceptions of the appellee.

*Judgment affirmed.*

(Decided 18th January, 1870.)

ROBINSON, J., dissented.