|27|433|
|70|148|

## Laura C. Towne

### v.

## The Fire Association of Philadelphia.

*Fire Insurance—Wearing Apparel—Removal from Ordinary Place of Deposit.*

1.   Where wearing apparel which is described in the policy of insurance as contained in a certain building, is destroyed several months after its removal from its ordinary place of deposit to a place where the owner is for the time being residing, it is not covered by the policy.

2.   The ordinary use of wearing apparel in such cases does not include the use involved in long journeys, or protracted visits, during which it may be exposed to risks not contemplated by the insurer.

[Opinion filed December 7, 1888.]

·Appeal from the Superior Court of Cook County; the Hon. Joseph E. Gary, Judge, presiding.

The appellee, by its policy of insurance dated September 30, 1884, insured appellant to the amount of $2,500, against loss by fire on household furniture, wearing apparel, etc., " contained in the two-story and basement French roof brick dwelling situated No. 1840 Calumet Avenue, Chicago." At the time the policy was issued, appellant was the owner of the building described, was residing and continued to reside there, until November 1, 1885, when John B. Carson took possession of the building (except a room and closet reserved by appellant

for storage purposes) under a lease from appellant for a year. The room and closet so reserved were used by appellant for storing her wearing apparel not in use, until part of it was removed to Ottawa, as hereinafter stated. Shortly after making the lease in question, she commenced to reside with her father, part of the time in Chicago and part of the time in Ottawa, in both of which places she had a residence. When she went to Ottawa in the fall of 1885, her family went with her. They remained there until February 4, 1886, and at that time her father's residence at that place was destroyed by fire, together with about $2,500 worth of her wearing apparel, which she had taken from the reserved room and closet before going to Ottawa, and none of which had ever been returned to 1840 Calumet Avenue after she left Chicago for Ottawa.

This action was brought by appellant to recover from appellee the value of her wearing apparel so destroyed. There being no dispute as to the facts, the court below instructed the jury to find for the defendant. A verdict was rendered accordingly. Plaintiff moved for a new trial; the motion was overruled, and exception by plaintiff.

Judgment being entered on the verdict, the plaintiff appeals.

Messrs. JOHN GIBBONS and CHARLES E. TOWNE, for appellant.

It is a well settled principle of law that, where certain risks are expressly excepted, all risks not so excepted are covered by the policy. Insurance Co. v. Transportation Co., 12 Wall. 194; Smith v. Mech. & Trad. Ins. Co., 32 N. Y. 399.

Where there is any doubt in the conditions restricting the liability of the company, the construction should be adopted most beneficial to the promisee. Hoffman v. Ætna Ins. Co., 32 N. Y. 405.

The appellant in this case violated none of the express conditions of the policy under which she seeks to recover, and the law will not imply a condition that will defeat her right to recover. Peterson v. The Miss. Valley Ins. Co., 24 Iowa, 494.

All of the property for which the appellant seeks to recover

was contained in the house 1840 Calumet avenue at the time the policy was issued. It was so described in the policy to identify the property, the same as personal property covered by a chattel mortgage is described as contained in a certain house. Yet, no one would contend that the property, if removed from the house described in the chattel mortgage, if it could be identified after removal, would cease to be covered by the mortgage.

The different States where this question has been raised have uniformly decided in favor of the appellant's right to recover. Peterson v. The Miss. Valley Ins. Co., 24 Iowa, 494; Mills v. Farmers Ins. Co., 37 Iowa, 400; McCluer v. The Girard Fire and Marine Ins. Co., 43 Iowa, 349; Longueville v. The Western Assurance Co., 51 Iowa, 553; Noyes v. The Northwestern National Insurance Co., 64 Wis. 415; Smith v. Merch. & Trad. Ins. Co., 32 N. Y. 399; Everett v. Continental Ins. Co., 21 Minn. 76; Holbrook v. St. Paul F. & M. Ins. Co., 25 Minn. 229.

The risk was not materially increased by the use to which the appellant put her wearing apparel; the building in which it was destroyed was a detached brick and stone dwelling, with the nearest adjoining structure being some 300 feet distant, while there was a pond of water within a stone's throw of the rear of the building. The violation of the condition of the policy, that the appellee would not be liable if the risk was materially increased, is the only condition on which the appellee could properly expect to defeat a recovery under this policy. And the evidence shows that that condition was not violated, as the building in which the property was destroyed was more secure and better protected from fire than the building described in the policy, and that the use of the property was of the same character as its use when the policy was issued.

Messrs. WILLIAMS & THOMPSON, for appellee.

" A policy is inoperative except as to goods *kept in the place designated in the policy.*"    1 Wood Fire Ins. (2d) 113.

" A policy does not cover property unless it is in the place designated in the policy at the time of the loss, and this

rule is strictly enforced in favor of the insurer.   *   *   *
Place and location is of the essence of the risk, and the insurers can not be deprived of the privilege of judging for themselves how and where they will take the risk." 1 Wood Ins. 114, and cases cited; Hartford Fire Ins. Co. v. Farrish, 73 Ill. 166; Harris v. Royal Can. Ins. Co., 53 Iowa, 236; Noyes v. N. W. Ins. Co., 64 Wis. 415.

" Briefly stated, the rule seems to be that the temporary removal of property, in pursuance of a use which is a ' certain necessary consequence' arising from the character of the property, without any change in the ordinary place of keeping, will be no defense to an action on the policy." Lyons v. Prov. Washington Ins. Co., 14 R. I. 110.

The whole class of exceptions covered by this statement is referred back to the presumed intention of the parties.   Dillon, C. J., thus concisely states the principle in Peterson v. Miss. Valley Ins. Co., 24 Iowa, 494:

" In effecting this insurance and paying the company for the risk it assumed, it can not be supposed that the plaintiff was to be deprived, upon penalty of forfeiture of his policy, of the ordinary and beneficial use of the property insured."

GARNETT, P. J.   The contention of appellant is, that the temporary removal of wearing apparel from its ordinary place of deposit, designated in a policy of insurance, for purposes reasonably incident to its use, does not suspend the risk assumed by the insurer.   There are respectable authorities which sustain this proposition, as in Longueville v. The Western Assurance Company, 51 Iowa, 553, where the action was to recover the value of wearing apparel which was described in the policy as contained in a certain building in Dubuque, Iowa.   At the time of the loss the insured was wearing the garments in the streets of Dubuque.   The court held that it must be inferred that the parties to the contract intended the apparel to be used, and hence intended it to be used sometimes away from the dwelling.

The same principle was applied in Noyes v. N. W. National Ins. Co., 64 Wis. 415, where the policy described the wearing apparel insured as contained in a certain house.   One of the

articles of the insured apparel was taken to a shop for repairs, and was there destroyed by fire on the same day it was received, before it could be repaired in the usual course of business. The court held such repairing was one of the necessary incidents to the use and enjoyment of the property, and must be presumed to have been in contemplation of the contracting parties. See also Hawes v. Fire Association of Philadelphia, 7 Atlantic Rep. 159; May on Insurance, 219.

The decision in Annapolis & Elkridge R. R. Co. v. Balto. Fire Insurance Co., 32 Md. 37, is, perhaps, in conflict with the authorities above cited, but, if we adopt the rule of the cases relied on by appellant, it fails to reach her case. The removal of her wearing apparel was not such a temporary removal as the parties may be reasonably said to have had in view, nor was the place of ordinary deposit, described in the policy, continued after she commenced her visit in Ottawa. The ordinary use of the clothing in such cases does not include the using involved in long journeys, or protracted visits, during which the goods may be exposed to risks that the insurer would not have been disposed to incur. It would be unreasonable to infer any intention of that kind.

That the locality and the surroundings of insured property are always considered material by insurers, in accepting and rejecting applications for insurance, is a matter of common information, to which courts can not be indifferent in the decision of questions of this character. Risks on wearing apparel commonly kept in a building of safe construction might be taken at a low premium; in another less safe, the premium would be higher, and in still another, the risk declined. Certainly, it can not be supposed that a risk on such property, taken on ordinary terms, the place of deposit being described, attended by no circumstances raising an inference that unusual hazards were to be encountered, gives the insurer a discretion in the use of the property, which is not limited, either as to time or distance of removal from the place of deposit so designated.

The treatment of the case by the Superior Court was correct, and the judgment is affirmed.    *Judgment affirmed.*

GARY, J., took no part in the decision of this case.