## THE AGRICULTURAL INSURANCE COMPANY OF WATERTOWN, NEW YORK *vs.* JOSEPH H. BEMILLER.

*Policy of Fire Insurance—Technical defence—Prior insurance.*

By the terms of a fire insurance policy, in the event of a loss by fire, the party insured was required "to produce the certificate under seal of the magistrate or notary public living nearest the place of fire, and not concerned in the loss, nor related to the assured, stating that he has examined the circumstances attending the loss, knows the character and circumstances of the assured, and verily believes that he has, without fraud, sustained loss on the property insured to the amount claimed by him." In an action on said policy, a certificate was offered in evidence by the plaintiff, given by the magistrate who lived nearest to the property insured, and who stated therein that he was not competent to appraise a portion of the property destroyed. On objection to this certificate, another was offered, given by a magistrate who did not live quite so near to the property, but whose office or place of business was nearer than that of the other magistrate, and containing all the other requirements of the policy. On objection, it was HELD:

1st. That this latter certificate sufficiently complied with the terms of the policy, and was admissible in evidence.

2nd. That in the construction of such contracts Courts will not draw fine distinctions, and allow insurance companies to escape from the obligation of paying valid claims through mere technicalities.

At the time of the insurance the plaintiff was insured in another company but withdrew from it before the fire occurred. The application for insurance was not in evidence; and the plaintiff's demand for its production was refused by the defendant. It was HELD:

That in the absence of any written evidence of the contract providing for the disclosure of other insurance, and the policy itself disclosing no such condition, such prior insurance did not avoid the policy.

Agricultural Ins. Co. of Watertown *vs.* Bemiller.

APPEAL from the Circuit Court for Carroll County.

The case is stated in the opinion of the Court, as are also the Exceptions.

The cause was argued before ROBINSON, YELLOTT, STONE, IRVING, BRYAN, and McSHERRY, J.

*Wm. P. Maulsby, Jr.*, for the appellant.

*Harry M. Clabaugh*, and *Charles B. Roberts*, for the appellee.

YELLOTT, J., delivered the opinion of the Court.

The property of the appellee was insured by the appellant; the policy bearing date August 8, 1884. At this time the appellee was insured in another company, and says that he so informed the agent of the appellant, and at the same time told said agent that he intended to withdraw from said company, and soon afterwards did withdraw, so that when the fire occurred there was no insurance in any company other than that of the appellant.

The property mentioned in the policy of insurance was almost totally destroyed by a fire, occurring on the 20th of August, 1887. The appellant refusing to pay, and denying that the policy called for an indemnification under the existing circumstances, a suit was instituted in the Court below by the appellee, and resulted in a judgment in his favor. From this judgment an appeal has been taken.

The first exception is to the admissibility of evidence offered by the plaintiff, objected to by the defendant, and ruled in by the Court. By the terms of the policy, in the event of loss by fire the party insured is required "to produce the certificate under seal of the magistrate

or notary public, living nearest the place of fire, and
not concerned in the loss, nor related to the assured,
stating that he has examined the circumstances attend-
ing the loss, knows the character and circumstances of
the assured, and verily believes that he has, without
fraud, sustained loss on the property insured to the
amount claimed by him."

The certificate of Henry Galt, a justice of the peace,
living nearest to the property, was first produced.
He certified that he was not concerned in the loss, nor
related to the assured; that he had visited the premises
the day after the fire, and had found the barn and crop
totally destroyed, except the foundation of the barn;
that he saw the iron of the machinery, vehicles, and
implements with everything burned from them that
would burn; but that he was not competent to appraise
the crop as he had not been on the place sufficiently to
estimate it.    This certificate was objected to, and the
appellee then produced a certificate from Aloysius F.
Orndorff, a magistrate, who did not live quite so near
as Mr. Galt, but whose office or place of business was
nearer than that of said Galt.    This justice certified to
all that Mr. Galt had certified to, and further said, "I
am well acquainted with the character and circum-
stances of the assured, and do verily believe that the
assured has by misfortune, and without fraud or evil
practice, sustained loss and injury on the property in-
sured to the amount of twenty-one hundred dollars, as
claimed."    This certificate, under oath, was admitted
as evidence by the Court below, and this ruling of the
Court forms the foundation for the appellant's first bill
of exception.

A question precisely similar to the one presented by
the first bill of exception in this case was decided in
*Turley vs. The North American Ins. Co.*, 25 *Wend.*, 373.
In that case as in this, the policy required a certificate

Agricultural Ins. Co. of Watertown *vs.* Bemiller.

of the nearest magistrate, but the Court decided that a strict, literal compliance was not necessary, and that in determining the contiguity of the magistrate to the place of the fire the place of his business and not of his residence, will be regarded; and a nice calculation of distances will not be gone into to ascertain the nearest magistrate who might have given the certificate; and that the proximity of the magistrate to the place of the fire is all that can be required. Said the learned Judge who delivered the opinion of the Court: "We are asked to go into a nice calculation of distances, and settle the point upon the law of mensuration. *De minimis, &c., &c.*, is a sufficient answer to this objection. The spirit of the condition required no such mathematical precision from the assured. Its object is completely secured by the proximity of the certifying magistrate."

It has always been held that in the construction of such contracts, Courts will not draw fine distinctions, and allow insurance companies to escape from the obligation of paying valid claims through mere technicalties. *Fire Ins. Asso. of England vs. Merchants and Miners Transp. Co.*, 66 *Md.*, 339; *Universal F. Ins. Co. vs. Block*, 109 *Penn. St.*, 535, and 1 *Cent. Rep.*, 557.

In the case now being considered, Galt, the justice who lived nearest, stated that it was impossible to give the required certificate, because he was ignorant of important and material facts; and it is not denied that Orndorff's place of business was nearer than that of Galt to the place of the fire. There was no error in the Court's ruling admitting this evidence. The certificate of Orndorff sufficiently complied with the requirements of the policy.

The appellants offered twenty prayers, all of which, with the exception of the eighteenth, were rejected. A separate examination of each of these prayers would

involve the necessity for an extension of this opinion, to a length not warranted by the nature of the case. These prayers actually present only two questions, which are reproduced and repeated by a mere change of phraseology. One of these questions relating to the proximity of the magistrate, has already been determined in considering the appellant's first exception. The other question relates to the effect of a prior insurance by the appellee in another company. But as to this there is no evidence that such fact would avoid the policy. The policy itself makes no provision of that kind. It only provides that in case of insurance in another company, "the assured shall not be entitled to demand or recover on this policy, any greater proportion of the loss or damage sustained on the property insured, than the amount hereby insured shall bear to the whole amount insured on said property, whether such insurance shall be valid or otherwise." The application for insurance was not in evidence. On demand for its production, the defendant refused to produce the same. In the absence, therefore, of any written evidence of the contract providing for disclosure of other insurance, and the policy itself disclosing no such condition, the prayers on that subject could not be granted. In addition, we may say the plaintiff did withdraw from the company in which he had been insured. There being no error in the rulings the judgment will be affirmed.

*Judgment affirmed.*

(Decided 26th March, 1889.)