[No. 18076.   In Bank.— March 7, 1893.]

BENICIA  AGRICULTURAL  WORKS,  APPELLANT, *v.* THE  GERMANIA  INSURANCE  COMPANY, RESPONDENT.

FIRE INSURANCE — HARVESTING-MACHINE — CONSTRUCTION OF POLICY. — A policy of insurance against fire, upon a harvesting-machine, which ran in terms for a period of one year, but which contained a clause in the body of the policy, "all while owned by assured, and known as the Harvest King harvesting machine and outfit, and operating in the grain-fields, and in transit from place to place, in connection with harvesting in Fresno County," must be construed as meaning that the insurance company would be responsible if the property should be destroyed by fire at any time during the year, while operating in the grain-fields, or in transit from place to place in connection with harvesting, and does not cover a loss by fire occurring after the harvesting season was over, and after the machine had been taken to the home of the insured to be put in his shed.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Edward Lynch,* and *George B. Graham,* for Appellant.

The policy could not have been intended to cover a loss occurring only while the machine was literally in transit from place to place, as it must have been known to the company that the machine would not be used during the winter season, and that it could not be " operating in the grain-fields " during the entire year. The law does not require impossibilities or idle acts. (Civ. Code, secs. 3531, 3532.) The insurance, unless the terms of the contract forbid, must be presumed to be made with reference to the character of the property insured, and to the owner's use of it in the ordinary way, and for the purpose for which such property is ordinarily held and used. (May ou Insurance, 3d ed., secs. 219, 224, 225, 230, 231, 247, and cases cited; *Noyes* v. *Northwestern Nat. Ins. Co.,* 64 Wis. 415; 54 Am. Rep. 631.) An alteration in the use or condition of a thing insured from that to which it is limited by the policy, which does not increase the risk, does not affect the contract of insurance. (Civ. Code, sec. 2754.)

*T. C. Van Ness,* for Respondent.

The promise to pay was not in case the machine was destroyed during the year, but only in case of its destruction during the year while operating in the fields, or in transit from place to place. The place and location was of the essence of the risk. (1 Wood on Fire Insurance, sec. 47.) A policy of insurance does not cover property unless it is in the place designated in the policy at the time of the loss. (1 Wood on Fire Insurance, sec. 47; *Lycoming* v. *Updegraff,* 40 Pa. St. 311; *Wall* v. *East River Ins. Co.,* 7 N. Y. 370; *Houghton* v. *Mfrs.' Ins. Co.,* 8 Met. 114; 41 Am. Dec. 489.) Section 2754 of the Civil Code does not apply here, as the policy contained a clause limiting the property to a particular use and condition. (Barber on Insurance, 411, note; *Kelly* v. *Worcester Ins. Co.,* 97 Mass. 284; *Lee* v. *Howard*

*Ins. Co.*, 3 Gray, 583; *Wetherell* v. *City F. Ins. Co.*, 16 Gray, 276; *Mead* v. *Northwestern Ins. Co.*, 7 N. Y. 533; *Dewees* v. *Manhattan Ins. Co.*, 35 N. J. L. 366; *Gasner* v. *Metropolitan Ins. Co.*, 13 Minn. 483.)    Parties may, by contract, waive any provision of the Civil Code intended for their benefit.    (Civ. Code, sec. 3268.)

McFARLAND, J. — This is an action to recover for the loss of a certain harvesting machine and outfit, insured by defendant against loss from fire.    The court below granted a nonsuit, and rendered judgment for defendant.    From the judgment, and from an order denying a new trial, the plaintiff appealed.

The policy ran in terms for a period of one year from June 12, 1890, to June 12, 1891; but, after reciting the character of the property, it contained the following clause: " All while owned by assured, and known as the *Harvest King* harvesting machine and outfit, and operating in the grain-fields, and in transit from place to place, in connection with harvesting in Fresno County, of California."    It appeared that the harvesting season in Fresno County usually ends about the 1st of September; that in 1890 it was somewhat longer than usual; that the insured, appellant's assignor, finished harvesting that year in September, or about the 1st of October; that he then took the machine home to his ranch, having entirely finished using it in the business of harvesting for that year; that he separated the header from the balance of the machine, so that the whole machinery could be more readily placed in his shed; that he was prevented by other work from putting it in his shed, and that it remained near the shed until the 18th of the following November, at which time it was destroyed by fire.    It is clear, therefore, that it was not burned while " operating in the grain-fields, or in transit from place to place, in connection with harvesting in Fresno County."

But appellant now contends, and indeed that is nearly its whole contention, that because the policy

runs in terms for a year, respondent is responsible for the loss, whether the fire occurred during the harvesting season, or at any other time during the year. But to maintain that contention would be to hold that the most prominent part of the policy could be ignored entirely. The plain, clear meaning of the language used is, that the respondent would be responsible if the property at any time between June, 1890, and June, 1891, should be destroyed by fire while operating in the grain-fields, or in transit from place to place, in connection with harvesting. This provision is in the body of the policy, and not in the long memoranda printed on the back of it, and made a part thereof, and must be considered as a leading clause of the contract, to which the attention of the parties was clearly called. And it was clear that respondent was not to be liable for any loss by fire, unless it occurred while the said machine was operating, or in transit, in connection with harvesting, as before stated. Indeed, this contention which appellant now makes is barely consistent with the complaint, which alleges that the loss occurred while the machine was operating in the grain-fields, or in transit, or with the specifications of error, which include the proposition that it was so operating, or so in transit. The appellant took exceptions to the rulings of the court excluding certain offered evidence by which appellant sought to show that the risk or hazard was not increased by the fact that the machine was not employed in the fields, or in transit, at the time of the fire; but those objections and that testimony were immaterial under the view which we have taken of the contract itself.

Judgment and order affirmed.

DE HAVEN, J., GAROUTTE, J., HARRISON, J., and PATERSON, J., concurred.