Phœnix Insurance Co., of Brooklyn, v. Stewart.

1. INSURANCE—*Limitations in the Policy—Waiver.*—Where an insurance policy contained a clause that no suit or action should be maintained against the company in law or equity, unless commenced within six months next after a fire from which loss should occur, any statute of limitation to the contrary notwithstanding, and a delay beyond such period in bringing suit being caused by letters from the general

agent of the company inducing the insured to believe that the matter would be settled without suit, *it was held* that the limitation was waived.

2. INSURANCE—*Description of Property Insured—Farming Utensils —Hay Press.*—Where an insurance policy covered certain property named, as reapers, mowers, harvesters and the farming utensils, etc., *it was held* that a hay press was included in the term farming utensils.

3. INSURANCE—*Farming Implements " in Buildings."*—When a policy of insurance upon certain property described it as " reapers, mowers, harvesters, wagons, buggies, harness, in buildings on the premises," *it was held* that the phrase " in buildings on the premises," applied to all the property in the series, and that any implement at the time it was destroyed not in a building on the premises, but in a yard some thirty feet from the building, was not covered by the policy.

**Memorandum.**—Action on a policy of insurance. Judgment for plaintiff. Appeal from the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the May term, 1893. Opinion filed December 12, 1893.

## STATEMENT OF THE CASE.

On the 13th day of July, 1891, James Stewart lost by fire, a hay press and a small stack of hay. The loss was covered by a policy of insurance issued by the Phœnix Insurance Company, of Brooklyn, New York; the company declined to pay, and trial before a justice of the peace resulted in a judgment in favor of Stewart for $150 and costs.

An appeal from the judgment was taken to the Circuit Court by the insurance company. Upon a hearing in the Circuit Court, judgment was rendered in favor of Stewart for $150 and costs. The company appeals.

COWING & YOUNG, attorneys for appellant.

J. R. FLANDERS, attorney for appellee.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This is an action on a policy of insurance to recover for the loss of a hay press struck by lightning and destroyed.

Judgment was recovered in the Circuit Court for $150.

A reversal is sought because, first, the suit was not commenced within six months after the loss, the limit fixed by

a provision in the policy; second, the hay press was not included in the articles insured, *i. e.*, was not a farming utensil; third, the hay press was not at the time it was destroyed in a building, as required by the policy.

The limitation clause in the policy is, " No suit or action shall be maintainable against this company in law or equity, unless commenced within six months next after the fire, from which said loss shall occur, any statute of limitation to the contrary notwithstanding." Suit was not commenced until seven months and twelve days after the loss. The delay, however, was occasioned by the letters of the general agent of the company, and hopes thereby held out to the appellee that the claim would be settled without suit. The first point is not well taken. Allemania Fire Insurance Company v. Pach et al., 133 Ill. 220.

The hay press was not named in the policy, but it is contended by the appellee that it was included as a farming utensil in the following clause of enumeration contained in the policy: " $150 on reapers, mowers, harvesters and other farming utensils (excepting threshing machines), wagons, buggies and harness, in buildings on premises." We are not inclined to hold, as insisted by appellant, that the term, "farming utensils " includes only such utensils as are generally used upon an ordinary farm. If the utensil is used in carrying on a particular kind of farm, as for instance, a hay farm, it would be a farming utensil. Nor is it necessary to be in general use. The hay press is included within the term, " farming utensils."

At the time it was destroyed the hay press was not in a building, but in a hay stack yard, some thirty feet from a building. As we construe the clause quoted above, the policy did not cover farming utensils, unless within buildings on the premises. The closing phrase, " in buildings on premises," belongs to the entire series. If the comma before " in buildings on premises," were removed, the phrase would belong only to " wagons, buggies and harness," and there would be some reason in appellee's contention as to construction. The construction we place upon the clause is in

harmony with the understanding of the parties at the time the policy was delivered. Michael Higgins, the local agent, who took the risk, explained to appellee that the hay press, to be protected by the insurance, must be in a barn, shed or building, on his own premises. For appellee's failure to comply with this requirement of the policy, the judgment must be reversed.

And inasmuch as the evidence shows that he has no cause of action against appellant, the case will not be remanded.