## Joseph Jacobson v. The Liverpool, London & Globe Insurance Company.

### Gen. No. 13,151.

1. INSURANCE—*how policy construed.* An insurance policy is to be reasonably construed. The court will not make a new contract for the parties.

2. INSURANCE—*"drummer floater" policy construed.* A drummer floater policy which insures the property of a salesman "while traveling" does not cover such property when the same has been returned to the starting point; it does cover such property during lay overs at points of travel.

3. INSURANCE—*effect of removal of property covered.* The Illinois decisions in the main hold that where a policy contains the words "contained in," a recovery cannot be had unless the goods are in the place described in the policy at the time the fire occurs.

Assumpsit. Appeal from the Superior Court of Cook county; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Affirmed. Opinion filed June 14, 1907.

**Statement by the Court.** This is an action upon a policy of insurance. Appellee issued to appellant a policy in the sum of $3,000 for one year, containing the following condition:

"In consideration of the stipulation herein named and of $75 premium, does insure Joseph Jacobson for the term of one year from the 3d day of August, 1903, at noon, to the 3d day of August, 1904, at noon, against all direct loss or damage by fire, except as hereinafter provided, to an amount not exceeding $3,000, to the following described property, while located and contained as described herein and not elsewhere, to wit:
Drummer Floater.
$3,000 on merchandise, and the trunks or packages containing the same, in the custody of Joseph Jacobson, while traveling in any part of the United States."

Appellant was a commercial traveler, residing at Chicago. He purchased his goods in the main at Chi-

cago and sold them at various places between Chicago and Portland, Oregon. From time to time he returned to Chicago to replenish his stock of goods, remaining here from three days to a week, and while in Chicago he stored his goods at his residence, 502 South Marshfield avenue.

While in Chicago for that purpose, on November 25, 1903, a fire occurred at his residence which destroyed totally his stock of goods there stored. Proofs of loss were duly submitted, but appellee refused to pay the insurance, upon the ground that the loss did not occur while appellant was traveling.

The cause was submitted to the court for trial without a jury, and the court found the issues for the defendant, and entered judgment upon the finding.

JOHN C. & W. J. KING and BLUM & BLUM, for appellant.

BATES, HARDING & ATKINS, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The question presented by the record is, did the policy cover the goods of appellant when he had them stored in his house while he was at home replenishing his stock of goods?

Appellant testified that he came home on November 18, 1903, and remained at home living with his family in his own house until November 26, 1903, and that he had the property at his house spread out in a room where it was destroyed by fire. He did business under the name of The Chicago Silk & Novelty Manufacturing Co. and had no other place of business in Chicago than his residence.

The policy shown by the record is what is known as a "Drummer Floater," and by its express terms insured the goods of appellant "while traveling in any part of the United States," and not elsewhere.

It is contended by appellant and conceded by appel-

lee that a policy of insurance must be liberally construed in favor of the assured. But it is contended on behalf of appellee that the policy must be reasonably construed, and the court will not make a new contract for the parties, and this, we think, is the rule of construction established by the following cases:

Schuermann v. Dwelling House Ins. Co., 57 Ill. App. 201; Schuermann v. Ins. Co., 161 Ill. 437; and Heuer v. Westchester F. Ins. Co., 44 Ill. App. 429, 435. The question then is presented—was appellant at the time of the fire "traveling in any part of the United States" within the meaning of the policy?

The terms used in the policy are in themselves very significant. The goods are insured "while located and contained as described herein and not elsewhere, to wit: Drummer Floater   *   *   *   while traveling in any part of the United States." These terms indicate that the purpose of this policy is to cover the goods mentioned while the commercial salesman is on the road selling goods, and the samples and goods carried by him would not be covered by the ordinary insurance carried upon merchandise located in the stores or warehouses of the merchant. The term "while traveling," etc., implies that where the goods have been returned to the starting point and are in the store or are not traveling, the insurance is suspended and the same goods are then covered by the general insurance which the merchant carries upon all his goods in his store or warehouse. This, we think, is the purpose and meaning of the "drummer floater" policies of insurance. The limitation made by the terms of the policy and the reasonable presumption that the parties to the contract did not intend to sell or pay for double insurance while the property would fairly fall under the general insurance when in the store or warehouse both tend to support this construction.

Counsel for appellant has drawn our attention, with great skill and diligence, to authorities holding that

policies of insurance must be liberally construed in favor of the insured (Trav. Ins. Co. v. Ayers, 217 Ill. 390; Healey v. Mut. Acc. Ass'n, 133 Ill. 556), and that the courts will not draw fine distinctions nor allow a company to escape on mere technicalities (Ag. I. Co. v. Bemiller, 70 Md. 400) ; and that the usage of trade is considered as entering into the contract (May on Ins., secs. 179, 179e); and that a policy insuring property described as contained in a barn, covered a horse killed by lightning while it was pasturing in the field (Haws v. Fire Ass'n of Phila., 114 Pa. St. 434), and cases holding that ·a temporary removal of property from its usual place described in the policy does not avoid the contract. The courts in the cases cited, in construing the contracts of insurance take into consideration the conditions and the use of the particular species of property insured and hold that the parties may be presumed to have had in mind when the contracts were made such use and conditions. In other words, they have given what was considered a reasonable construction of the policies, the character of the property and its use and its conditions being kept in view in each case.

While the courts have endeavored to give effect in each case to the intention of the parties as gathered from the contract and its subject-matter and particularly when construing the words "contained in" as used in the policies, there is, without doubt, a great conflict in the authorities upon the point as to whether the property was or was not covered if it was not in the exact location mentioned in the policy. The Illinois cases are less liberal than those in other jurisdictions, we think, on this point, and in the main hold, where only the words "contained in" are used, that a recovery cannot be had unless the goods are in the place described in the policy at the time the fire occurs. Am. F. Co. v. Brighton, 24 Ill. App. 149; Towne v. Fire Ass'n, 27 Ill. App. 433; Phoenix Ins. Co. v.

Stewart, 53 Ill. App. 273; Liebenstein v. Aetna Ins,
Co., 45 Ill. 303; Hartford Fire Ins. Co. v. Farrish, 73 Ill.
166. But a "temporary removal of the property from
its ordinary place of deposit, designated in the policy
for purposes reasonably incident to its use, does not
suspend the risk assumed by the insurer." Towne v.
Fire Ass'n of Philadelphia, 27 Ill. App. 433. This
is held to be within the presumed intention of the par-
ties, for in effecting the insurance and paying the com-
pany for the risk it assumes upon property, the ordi-
nary and beneficial use of which requires its temporary
removal from the designated place of deposit, it can-
not be supposed that the assured is to be deprived of
such use of the property insured, upon the penalty
of a forfeit of his policy. Lyons v. Prov. Wash-
ington Ins. Co., 14 R. I. 110; Peterson v. Miss. Valley
Ins. Co., 24 Ia. 494. And so many of the cases of sup-
posed liberal construction of the language of policies
cited by counsel for appellant may be explained and
reconciled to the rule of construction above indicated,
upon the ground that the courts have given effect to
the reasonable and presumed intent of the parties as
gathered from the contract and its subject matter in
each case.

There is, however, less ground for construction of
the language of policies containing provisions similar
to the one in the policy before us than in the class of
policies just referred to, and consequently we find a
uniform construction given to them by the courts of
last resort in many jurisdictions.

In Langworthy v. O. & O. Ins. Co., 85 N. Y. 632, the
insurance was specified to be "on his frame shingle-
roof hop-house, while drying hops." The court held
that the policy did not cover the hop-house during the
time the assured was not drying hops.

In Mawhinney v. Southern Ins. Co., 98 Cal. 184, the
policy covered a "Barrett's Harvesting Machine and
outfit while operating in grain fields and in transit

from place to place in connection with harvesting in Fresno County, California.'' The machine was taken to a shop for repairs, and after being there for about a week was burned. It appeared that the machine was taken to the shop for repairs with the view of going into the fields for harvesting as soon as it was ready. The court held that the loss did not occur within the terms of the policy and that a non-suit should have been granted.

To the same effect are Benicia Agricultural Co. v. Germania Ins. Co., 97 Cal. 468; Green v. L. & G. Ins. Co., 91 Ia. 615; Slinkard v. Manchester F. Assurance Co., 122 Cal. 595; Haws v. Insurance Co., 130 Pa. St. 114; and Village of L'Anse v. Fire Ass'n, 119 Mich. 427.

Upon a careful review of the authorities and a consideration of the language and intent of the policy we are of the opinion that the policy covered appellant's goods while he was on the road, including the necessary and proper interruptions of his journey at the stations or places where he stopped to sell goods for a reasonable time. Travel includes all the incidents of travel. Northup v. Railway Co., 43 N. Y. 516; Tooley v. Railway Passenger Co., 2 Ins. L. J. 275; Aetna Ins. Co. v. Stivers, 47 Ill. 86. But when appellant arrived in Chicago and went to his home, his traveling terminated for the time being, and he cannot be considered as traveling while living or staying at his home within the meaning and intent of the policy. The loss occurred, therefore, while the insurance was suspended, and he cannot recover.

Finding no error in the judgment of the Superior Court, it is affirmed.

*Affirmed.*