**NATIONAL RESERVE INS. CO. OF ILLINOIS et al. v. ORD et al.**

No. 9797.

Circuit Court of Appeals, Ninth Circuit.

Nov. 5, 1941.

W. W. Hindman and E. Eugene Davis, both of Los Angeles, Cal., for appellants.

Gerald Willis Myers, of Los Angeles, Cal., for appellees.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

Appellants, Illinois and Iowa corporations, hereafter called insurers, appeal from a judgment for $4,079.65, exclusive of interest against them and in favor of appellees, residents of California, hereafter called insured, holding the insurers liable for a fire loss of insured's building in the town of Hynes, California, under insurers' policy. The policy was issued June 22, 1937, for a three year term. The fire occurred on July 15, 1939.

■ The pertinent insuring clause of the policy is one assuming the loss by fire on a "One story Composition roof Frame building * * * while occupied only for Packing Plant purposes, * * *." It is admitted that at the time of the fire the building was not occupied as a packing plant and that it had not been so occupied for a long period before the fire. Indeed, before the policy was delivered, part of the motors, machinery and · conveyors for sorting and processing the vegetables and conveying them into their containers had been removed by the owners and by theft, and the place had been ransacked by playing children and become the abode and sleeping place of tramps. Before the fire occurred the last of the above packing equipment had been removed. Unless the provision that the insurance covered the building while occupied only for packing plant purposes is negatived by a rider on the policy, later considered, insured, under the controlling California law, was not entitled to recover. Arnold v. American Insurance Co., 148 Cal. 660, 662, 84 P. 182, 25 L.R.A.,N.S., 6; Allen v. Home Insurance Co., 133 Cal. 29, 30, 65 P. 138.

■ There was a rider on the policy, of the same date as the policy, providing that "Permission is hereby granted to shut down or cease operations as the occasion may require during the life of this policy." Insured asks us to construe the words "shut down or cease operations as the occasion may require" as meaning, in effect, that though there was no operable packing plant in existence, much less one in operation, when the policy was delivered, nor at any time thereafter, which could cease operations or shut down, nevertheless the unoccupied and tramp infested building was insured by the policy. We cannot agree. Insurers were not liable under the policy until it became occupied as a packing plant. Before that time there was no packing plant to "shut down" or to "cease operations."

■ We can find no reason to apply the principle that ambiguous phrases in a policy must be construed against the insurer. Here is no ambiguity as to what was to be shut down or to cease operations. The permission was not to shut down or cease operations of an empty shed that had no operations whatsoever to shut down, much less packing plant operations. Obviously, the policy cannot be converted into one insuring a structure which never became a packing plant, that is to say, to construe the specific and limited terms of the permission rider as one striking out the clause limiting the insurance to a period during an occupancy as a packing plant.

The record does not contain any suggestion that insurers, when they issued the policy with its rider in Los Angeles, then knew that the structure in the town of Hynes, California, was a permanently abandoned plant and hence some special significance should be attached to the rider's terms. Our construction of the policy is confined to its terms.

Reversed.