[Civ. No. 13882. First Dist., Div. Two. June 1, 1949.]

LOUIS RIZZUTO et al., Appellants, v. NATIONAL RESERVE INSURANCE COMPANY (a Corporation), Respondent.

Wm. R. Biaggi, Campbell, Hayes & Custer, Austen D. Warburton, Alfred B. Britton, Jr., and Daniel M. Feeley for Appellants.

Long & Levit, Bert W. Levit and David C. Bogert for Respondent.

GOODELL, J.—Appellants sued to recover a fire loss of $1,839.48, on an insurance policy written by respondent. Judgment, entered on the findings, was in favor of the insurer for its costs, and this appeal was taken.

Appellants own a frame store building in San Jose. On July 4, 1945, respondent issued the policy in suit covering the property for $2,600 "while occupied only for barber shop purposes." Appellant Louis Rizzuto is a barber and his shop is in the southerly half of the store. Appellants rented the northerly half to one Herman Yeager, who occupied it as a pick-up cleaning shop. At the time of the fire, May 6, 1946, the premises were occupied by both shops.

The court found that the building was damaged to the extent claimed, $1,839.48, and that proofs of loss were furnished.

In Yeager's half of the store no cleaning was done. It was simply an agency or depot to which patrons brought their

clothes, whence they were sent out to be cleaned or dyed, and when returned "rumpled," they were pressed and hung up, to be called for on a "cash and carry" basis. The equipment therein was a gas heater (with a pilot light), a boiler, and steam pressing apparatus. It was this half of the store that was damaged by fire. The barber shop was damaged slightly by water.

Appellants' allegation of performance of all the conditions of the policy on their part to be performed was denied, and the court found in the negative on that issue.

The court found that at the time of the fire the place "was not occupied only for barber shop purposes and that approximately one-half of said building was then occupied for other purposes as a pressing and altering establishment and agency for garment cleaners."

Appellants contend that there is no substantial evidence to support the finding of their nonperformance. They argue that they paid the premium, that the policy was in effect at the time of the fire and had never been cancelled nor any part of the premium returned, and that they made due and timely proof of loss. All this is true, but *the condition precedent to their recovery which they did not and could not prove* was that the building was damaged "while occupied only for barber shop purposes."

In *Mawhinney* v. *Southern Ins. Co.*, 98 Cal. 184 [32 P. 945, 20 L.R.A. 87], the coverage was for loss or damage by fire to a harvesting outfit ". . . all while owned by assured . . . and operating in the grain fields and in transit from place to place in connection with harvesting in Fresno County . . ." When destroyed by fire it was in the yard of a blacksmith shop in Fresno, awaiting repairs. In deciding in favor of the insurer the court said: "An insurer is not liable, except upon proof that the loss has occurred within the terms of the policy, and when making the policy he is at liberty to select the character of the risk he will assume. If the terms of this risk are distinct and without ambiguity, the assured cannot complain if the risk assumed does not cover the loss. The locality of the property, as well as its custody, and the incidental care that by reason of such locality and custody the property will naturally receive, are elements which enter into a consideration of the risk to be assumed, and if they are made a part of the conditions of the policy they must be observed by the assured as fully as any other conditions before the insurer can be made liable for a loss. In the present case the insurer would reasonably assume that the harvester would be under

greater care and watchfulness while it was actually operating in the fields, or in transit from place to place for such purpose, than if left standing unhoused and uncared for in open grounds near a blacksmith shop; but whatever may have been the motives for limiting the extent of his risk, he cannot be made liable for a loss that was not covered by the risk assumed in the policy.''

An earlier case was *Benicia Agricultural Works* v. *Germania Ins. Co.*, 97 Cal. 468 [32 P. 512], while a later one was *Slinkard* v. *Manchester Fire A. Co.*, 122 Cal. 595 [55 P. 417], both involving harvesters and both holding as the Mawhinney case holds.

In *Allen* v. *Home Ins. Co.*, 133 Cal. 29, 32 [65 P. 138], the court said: ''The policy was a contract to pay only in case of loss of the insured premises while occupied as a dwelling-house. *The liability was limited by the terms of the contract, and such limitations are held valid.* It is the business of the insured, and the burden is upon him, to see that the premises are not used in such manner as to make void the policy. *The insurer is at liberty to select the character of risk he will assume,* and he is not liable, except upon proof that the loss occurred within the terms of the policy . . . [citations including Mawhinney and Slinkard cases, *supra*].'' (Emphasis added.) With respect to the failure of the complaint to bring the case within the ''while occupied'' condition the court (at pp. 30-31) said: ''It was essential for plaintiff to prove that the fire occurred while the premises were occupied as such dwelling-house. . . . The allegation was not merely a condition precedent, as referred to in section 457 of the Code of Civil Procedure. *It went to the very essence of plaintiff's right to recover.* Certain conditions subsequent to the right of recovery, matters of defense, the nonperformance of conditions subsequent, and certain negative prohibited acts need not be pleaded by plaintiff; but the rule does not extend to *the essence of the cause of action.*'' (Emphasis added.)

In *Arnold* v. *American Ins. Co.*, 148 Cal. 660 [84 P. 182, 25 L.R.A.N.S. 6] the policy likewise covered a building ''while occupied as a dwelling house.'' The Allen case was followed, the court holding that allegation and proof were essential that the premises were so occupied at the time of loss.

These cases have been repeatedly followed and their authority seems never to have been questioned.

In *National Reserve Ins. Co.* v. *Ord,* 123 F.2d 73, 74 (9th

Circ.) the court said: "Unless the provision that the insurance covered the building while occupied only for packing plant purposes is negatived by a rider on the policy . . . insured, under the controlling California law, was not entitled to recover." (Citing Allen and Arnold cases, *supra*.)

It is settled by the case of *Steil* v. *Sun Ins. Office*, 171 Cal. 795 [155 P. 72] that a violation such as that in this case does not render the policy void *ab initio*. The insurance is simply suspended for the duration of such departure or violation. The Steil case holds that the insurance clause completely protects the insurer but does so without going to the extent of voiding the policy. *Hargett* v. *Gulf Ins. Co.*, 12 Cal.App.2d 449, 455 [55 P.2d 1258] follows the rule of the Steil case and *Gawecki* v. *General Ins. Co.*, 167 F.2d 894 (9th Circ.) follows both the Hargett and Steil cases. See, also, *National Reserve Ins. Co.* v. *Ord, supra.*

The finding that at the time of the fire the insured premises were occupied by Yeager's shop in addition to the barber shop, which finding is not challenged, is decisive of this case on the authorities already cited and for the reasons which are given therein. The risk which respondent assumed in writing the policy was such as attaches to a barber shop, with "all risks incident to the conduct of that business when carried on in the usual manner" (*O'Neill* v. *Caledonian Ins. Co.*, 166 Cal. 310, 314 [135 P. 1121]) and nothing more.

What is said in the Mawhinney case with respect to the considerations which enter into and control the writing of a risk,—the elements of choice and selection and the weighing of safety factors—is singularly apposite since this record shows that the equipment in Yeager's shop was a gas heater (with a pilot light), a boiler and steam pressing apparatus, and that there were clothes hanging in the place, while respondent was contracting respecting a barber shop.

■ Appellants argue "that conditions in a policy of insurance which would render it void *ab initio*, under facts known or readily ascertainable by the insurer are waived by its issuance." The cases already cited show that a violation of a "while occupied" condition, or one akin to it, does not render the policy void *ab initio*, or at all void, it simply suspends the insurance while the violation continues. ■ Moreover, there is nothing in the record to indicate that respondent knew of the dual occupancy hence there could have been no waiver (See *Maryland Cas. Co.* v. *Industrial Acc. Com.*, 179 Cal. 716, 720 [178 P. 858]). Respondent was under no duty

of inquiry respecting occupancy, under the peculiar circumstances of this case. An insurance broker had handled appellants' insurance for 24 years and he knew all about the existing physicial condition of the store. He sent to respondent's general agents in San Francisco an earlier policy written by another company which policy was about to expire. The old policy covered appellants' building "while occupied only for barber shop purposes" and the general agents in San Francisco in writing the policy in suit followed the same formula. The broker's knowledge was in no way attributable to respondent. The court found that the broker was appellants' agent in the procurement of the policy.

Appellants rely on the case of *Raulet* v. *Northwestern National Ins. Co.*, 157 Cal. 213 [107 P. 292]. In that case the policy contained a "while contained" condition and it was claimed that the complaint did not allege with certainty that the property when destroyed was contained in the place designated. The Allen and Arnold cases, *supra*, were relied on, but the court held that the allegations were certain enough hence those cases had no application. Aside from that it is not at all clear that that case is at all similar to this. Here the question is not whether a particular provision (such as one against encumbrances) has been breached, but whether the insurer could and did limit its risk to property "while occupied only for barber shop purposes."

▋ Appellants' second contention is that there is no substantial evidence to support the finding that appellants had effected a material increase in hazard and a change of possession by renting one-half of the store as a cleaning shop, without endorsement.

The policy contained the provision: "Matters suspending insurance. Unless otherwise provided by agreement . . . this company shall not be liable for loss or damage occurring (a) while the hazard be materially increased by any means within the control of the insured. . . ." The court found that such hazard had been materially increased by renting approximately one-half the place to Yeager. There is ample evidence to support this finding since the record shows that Yeager's store contained a gas heater (with pilot light), a boiler and steam pressing apparatus, plus clothes hanging up which had just gone through the cleaning process. It is self-evident that such combination produced a fire hazard materially higher than that attending a barber shop. At any rate the court so found. Moreover a battalion chief who took part

in fighting the fire stated in his report that it was caused by "Clothes hanging over boiler in cleaning part" while the Chief of the San Jose Fire Prevention Bureau, when asked for his opinion, answered: "There's two questions there that I never fully decided upon, whether some of the clothes fell on top of the boiler, or whether they ignited from the pilot light." The fire could have started from either cause even though the place was entirely free from such solvents as are found in a fully equipped cleaning establishment.

While there was ample evidence to support the findings just discussed, the first point is alone really decisive of the case for the departure from the "while occupied" condition is admitted, and that worked a suspension of the insurance.

The judgment is affirmed.

Nourse, P. J., and Dooling, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 28, 1949.