NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 19 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LINDA TAYLOR; RAYMOND MAGEE,

Plaintiffs-Appellants,

v.

GARRISON PROPERTY AND
CASUALTY INSURANCE COMPANY;
DOES, 1 through 50, inclusive,

Defendants-Appellees.

No.   18-55687

D.C. No.
2:17-cv-07550-RGK-GJS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted November 14, 2019
Pasadena, California

Before: FERNANDEZ, M. SMITH, and MILLER, Circuit Judges.

Linda Taylor and her husband, Raymond Magee, appeal from the district

court's grant of summary judgment in favor of their insurer, Garrison Property and

Casualty Insurance Company. Taylor and Magee sued Garrison for breach of

contract and breach of the duty of good faith and fair dealing after Garrison denied

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

coverage for fire-related damage to a detached structure behind their home. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand for further proceedings.

1.      Taylor and Magee created genuine issues of fact material to whether Garrison breached any express or implied contractual duties with respect to their claims for lost rental income and personal property. Magee testified that on the night of the fire, he called Garrison's claims representative and reported that the studio apartment they rented out for $900 per month had been destroyed along with Taylor's art collection and other personal property. According to Magee, the claims representative explained that because Taylor had been operating her business out of the detached structure, their coverage was limited to lost rental income and $10,000 in personal property. A transcript of this call and a claims report support Magee's testimony that he notified Garrison of those losses.

Garrison counters that Magee's call was insufficient to make a claim because Taylor and Magee did not submit an inventory list detailing each loss. But under the terms of the policy, it was *Garrison*'s duty to investigate the claims and to request an inventory list if it believed one was needed. *See Waller v. Truck Ins. Exch., Inc.*, 900 P.2d 619, 639 (Cal. 1995) ("'[D]elayed payment based on inadequate or tardy investigations . . . may breach the implied covenant because' [it] frustrate[s] the insured's right to receive the benefits of the contract . . . ."

(quoting *Love v. Fire Ins. Exch.*, 271 Cal. Rptr. 3d 1136, 1153 (Cal. Ct. App. 1990))); *see also* Cal. Ins. Code § 790.03(h)(2) (prohibiting an insurer's "[f]ail[ure] to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies"). Garrison made no such request.

The district court noted that Garrison's claims denial letter "did not deny a claim for lost rent or personal property." That is true, but the fact remains that Garrison has not paid any such claims. We reverse the district court's order in part and remand for further proceedings to determine whether Garrison breached a contractual duty or an implied duty of good faith and fair dealing by failing to investigate, delaying payment for, or effectively denying Taylor and Magee's claims for lost rental income and personal property.

2.      We reject Taylor and Magee's challenge to the policy's business-use exclusion under the California Insurance Code. Taylor and Magee's policy is a mixed-peril policy, so it "need not comply with the provisions of the standard form of fire insurance policy . . . ; provided, that coverage with respect to the peril of fire, when viewed in its entirety, is substantially equivalent to or more favorable to the insured than that contained in [the] standard form." Cal. Ins. Code § 2070. Taylor and Magee's policy meets this standard. The standard form does not contain use exclusions, but at least one California court has upheld them. *See Rizzuto v. Nat'l Reserve Ins. Co.*, 206 P.2d 431, 431–33 (Cal. Ct. App. 1949) (upholding a

fire insurance policy provision covering the insured's building "while occupied only for barber shop purposes"). California courts have also emphasized that an insurance company "has the unquestioned right to select those whom it will insure and to rely upon [the insured] for such information as it desires as a basis for . . . selecting its risks." *Mitchell v. United Nat'l Ins. Co.*, 25 Cal. Rptr. 3d 627, 633–34 (Cal. Ct. App. 2005) (quoting *Robinson v. Occidental Life Ins. Co.*, 281 P.2d 39, 42 (Cal. Ct. App. 1955)). The policy's business-use exclusion merely reflects the character of risk that Garrison agreed to assume: to cover fire-related damage to Taylor and Magee's *home*, not their business. It does not impermissibly reduce statutorily mandated coverage.

3.      Nor should Garrison be estopped from enforcing the policy's business-use exclusion. Even assuming that Garrison understood at the time of issuance that Taylor was operating a business out of the detached structure, there is no evidence that Taylor and Magee justifiably relied on Garrison's alleged omissions. They had a duty to read the policy and discover the business-use exclusion, yet they apparently failed to do so. *See Granco Steel, Inc. v. Workmen's Comp. App. Bd.*, 436 P.2d 287, 295 (Cal. 1968) (concluding that to apply the estoppel doctrine, the insured must be "ignorant of the true state of facts" and must detrimentally rely on the insurer's conduct); *see also Hadland v. NN Inv'rs Life Ins. Co.*, 30 Cal. Rptr. 2d 88, 94–95 & 94 n.9 (Cal. Ct. App. 1994) (holding that an

4

insurer was not liable for misrepresenting its policy because the insureds never read it and thus failed to discover that the insurer's representations were at odds with the policy's terms). In the absence of any showing of justifiable reliance by Taylor and Magee, we cannot rewrite the policy to include a risk that the parties agreed to exclude.

4.     The district court held that Taylor and Magee were not entitled to punitive damages because they failed to raise genuine issues of fact material to their claim for breach of the duty of good faith and fair dealing. Because we reverse and remand that claim with respect to lost rental income and personal property, we also vacate the district court's punitive-damages determination. We express no opinion on whether Taylor and Magee are entitled to such damages.

**AFFIRMED in part, REVERSED in part, and REMANDED**.

The parties shall bear their own costs.