J. H. TODD *et al.*, Appellants, *v.* GERMANIA FIRE INSURANCE COMPANY, Respondent.

### March 21, 1876.

Plaintiffs sued on a fire policy insuring the stock of a commission merchant which might be on hand in a certain warehouse at any time during a fixed period. The petition alleged that a lot of buffalo meat belonging to the holder of the policy was destroyed by fire during the period designated, but failed to show that it was in the warehouse mentioned in the policy. *Held*, bad on demurrer, as not stating facts sufficient to constitute a cause of action.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

*Fisher & Rowell*, for appellants, cited: 1 Pars. on Mar. Ins. 45; 2 Pars. on Mar. Ins. 442; Ph. on Ins., sec. 412; 2 Pars. on Con. 442; Wise *v.* St. Louis Ins. Co., 23 Mo. 84; De Forrest *v.* Fulton Ins. Co., 1 Hall (N. Y.), 84–135;

Walters *v.* Monarch Life Ins. Co., 34 Eng. Law & Eq. 116;
Kearney *v.* Sunderland Ins. Co., 6 Eng. Law & Eq. 312;
Farrow *v.* Commercial Ins. Co., 18 Pick. (Mass.) 53;
Griffin *v.* Pugh, 44 Mo. 328; Meigs *v.* Lowell, 10 Mo. 538;
Day *v.* Patterson, 18 Ind. 114; Bird *v.* Lewis, 7 Ind. 615;
Cloud *v.* Norman, 18 Ind. 44; Marchington *v.* Vernon, 1
B. & P. 101; Hall *v.* Marston, 7 Mass. 575; Sargeant *v.*
Morris, 3 B. & A. 276; Ruan *v.* Gardner, 1 Wash. 145;
Maryland Ins. Co. *v.* Graham, 4 Har. & J. (Md.) 62;
Skurver *v.* Stocks, 4 B. & A. 437; Felton *v.* Dickinson, 10
Mass. 287.

*O. S. Baker*, for respondent.

GANTT, P. J., delivered the opinion of the court.

The Germania Fire Insurance Company issued, on
December 7, 1872, to Rich & Swansey, commission mer-
chants in St. Louis, Missouri, a policy of insurance on a
stock of produce, their own, held by them in trust on con-
signment, or sold but not delivered, contained in the sec-
ond story of the four-story brick building situated and
known as No. 312 North Commercial street, St. Louis,
Missouri, to an amount not exceeding $1,000.

This policy was, with consent of the defendant, assigned
to Rich & Co. The petition states further that, in January,
1873, the firm of Todd & Co. sent to Rich & Co. a lot
of buffalo meat; that this was forwarded to Rich & Co.
to be sold by them as the factors of the plaintiffs; that
they received said property and held the same as com-
mission merchants; and that while they so held it, to wit,
on January 11, 1873, a fire occurred, by which the said
property was totally destroyed. Notice was given, proof
of loss made, and, no payment being made, this suit was
brought.

The defendant demurred, assigning as reasons for the
demurrer:

1. That the petition did not state facts sufficient to con-
stitute a cause of action.

2. That there is a defect of parties, and that Rich & Co. should have been the plaintiffs.

3. That Todd & Co. have no legal capacity to sue, as no interest in the contract of insurance shown vested in them.

The Circuit Court, at special term, sustained the demurrer. The plaintiffs appealed to the general term, which affirmed the judgment, and the case comes here by appeal.

The case was argued before us by the counsel for the appellants, but the respondent did not appear. It was argued as if the only objection raised by the record was that the action was not in the name of the insured or his assignee. We are of opinion that there is another, and, as we view it, an entirely fatal objection to the case made by the petition. The property is insured as a " stock of produce, their own, held by them in trust on consignment, or sold but not delivered, contained in the second story of the four-story building situated and known as No. 312 North Commercial street, St. Louis, Missouri." What is the meaning of this description? If it were not that the terms " stock, produce, etc.," imply that the insured was engaged in a business which required the keeping up of stock to some standard, these words would signify that a quantity of existing merchandise, stored at a particular place, was the subject of insurance. If, instead of being a stock of goods the composition of which may, and probably will, vary from day to day, and in reference to the changing nature of which both parties contracted, it were a quantity of furniture or fixtures, or a library, the fair construction would be that any articles added to the mass after the effecting of the insurance were not included in the risk. One element of the description, however, appears unmistakable. It was intended by the underwriter to insure certain chattels at No. 312 North Commercial street, St. Louis, Missouri. There can be no doubt that the exposure of this house to destruction by fire was the risk he undertook ; and that the removal of the property to another spot would

determine the insurance. Equally plain it is that no stock which, from time to time, might be added to that existing when the insurance was effected would be covered by this policy until it reached this building. If the assured had received notice of a consignment of great value, and it had arrived at St. Louis, but while on the wharf, before reaching his store-house, had been consumed by fire, no one would have dreamed that he had, in respect of it, a claim against the company which issued this policy. Such indemnity must be secured by an instrument of a very different nature.

It is quite consistent with the petition in this case that the buffalo meat, for the loss of which this action is brought, was destroyed by fire in some other building than No. 312 North Commercial street. It does not anywhere appear in the petition that the buffalo meat came to No. 312 North Commercial street, or that this building had been visited by fire. All this should exist, and should appear by the petition, or else it fails to state facts sufficient to constitute a cause of action. The closest approximation to such an averment is that the buffalo meat was shipped to, and came to the possession of, Rich & Co. This may be quite true, without any resulting liability on the part of the Germania Insurance Company.

We do not feel inclined to go further. We see already enough to compel the affirmance of the judgment; and that, as we understand it, disposes of the case. All the judges concurring, the judgment of the Circuit Court is affirmed.