JOHN KOHLMANN and WILLIAM SPREEN, Appellants, v. WALTER
SELVAGE, as General Manager and Attorney of C. A. BAKER,
and Others, Underwriters, Respondent.

*Fire insurance — provision that gasoline shall not be used on the premises — respon-
sibility of the insured for a gasoline lamp attached to the exterior wall of the
building by a tenant of the stoop thereof.*

Certain articles in a building were covered by a policy of fire insurance which
conferred the privilege " to use electric lights in the above-mentioned premises,"
and provided that " if illuminating gas or vapor be generated in the described
building (or adjacent thereto) for use therein; or if (any usage or custom of
trade or manufacture to the contrary notwithstanding) there be kept, used or
allowed on the above-described premises " gasoline, the policy should be void.
The insured property was destroyed by a fire caused by the explosion of a gasoline
lamp which a man, to whom the insured had rented a platform or stoop in the

rear of the building, had attached to the outside wall of the building and had used for some time prior to the fire.

In an action brought to recover upon the policy it was,

*Held,* that the insured could not recover;

That the use of the word " premises" in the privilege clause of the policy was equivalent to the word "building" in the prohibitory clause, and that the insured, having control of the premises, which included the building, were under the obligation of seeing that no gasoline was used in the lamp upon the exterior wall of the building within which the insured property was contained;

That ignorance on the part of the insured of the use of the lamp by their tenant was no excuse for their failure to perform this obligation.

APPEAL by the plaintiffs, John Kohlmann and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 21st day of January, 1898, upon the dismissal of the complaint by direction of the court after a trial at the New York Trial Term.

The action is to recover upon a policy of fire insurance issued to the plaintiffs upon property placed in Wallabout Market, Brooklyn, in a two-story building facing on two streets. The plaintiffs used the greater part of the inside of the building for their business as dealers in wood and willow ware. At the rear of the building on one street was a platform or stoop, even with the ground floor, part of which was rented by the plaintiff to one Schomaker, a dealer in garden truck, for the purpose of displaying and selling his goods. He occupied the platform from two o'clock in the morning until about ten o'clock in the forenoon, and, at the earlier hour, it being necessary to have a light, for some days prior to the fire, he had used a gasoline lamp for that purpose, the lamp being placed upon a nail driven into the outside wall of the building. By the terms of the policy the company insured the plaintiffs on their "stock of wood and willow ware * * * contained in the brick building," and the policy contained a privilege and a prohibition as follows: "Privileged to use electric lights in the above-mentioned premises," and a prohibition that there should not "be kept, used, or allowed on the above-described premises," among other things, "gasoline." The fire having occurred, this action was brought to recover the amount of the loss, and the defense was that the policy became void because the plaintiffs had allowed gasoline to be used for lighting purposes, the explosion of which had caused the fire and loss. Upon

the close of the evidence a motion was made to dismiss the complaint, which was granted, and an exception taken thereto, and from the judgment thereafter entered this appeal is taken.

*Henry Thompson*, for the appellants.

*George H. Pettit*, for the respondent.

O'BRIEN, J.:

There is no serious dispute of fact, it being admitted that the fire was caused by the explosion of a gasoline lamp which was being used by Schomaker, the dealer in garden truck, who rented from the plaintiffs the platform in the rear of the building. The serious question arises as to the construction of the terms of the policy, the plaintiffs contending that the sole subject of the insurance was the "stock of wood and willow ware," etc., which was within the building and not the building itself; and that the placing of a gasoline lamp upon the exterior wall of the building within which the stock was contained was not within the prohibitory clause of the policy, while the respondent is equally strenuous in claiming that the use of a gasoline lamp in the manner described, causing the fire as it subsequently did, was prohibited by the policy. It will, therefore, be seen that the question presented as to the true construction of the terms of the policy is narrowed down to a determination of what was meant by the statement that the insurance covered "the stock of wood and willow ware," etc., "contained in the brick building." If this was the only one of the terms of the policy to be construed, there would be force in the contention that, as the premises were not insured by the defendant, but only the goods within the building, the purpose of the policy was merely to cover and deal with the stock within the building. The force, however, of this construction is destroyed when we consider the two clauses of the policy already quoted in reference to lighting, the first granting a privilege of using electric lights and the other forbidding gasoline for lighting purposes. There is no doubt that in both these clauses reference is made not only to the interior but to the entire building so far as used and controlled by the plaintiffs; and it is apparent that the use of the word "premises" in the privilege clause is equivalent to the word "building" in the prohibitory

clause. In the latter clause the policy provides, " if illuminating gas or vapor be generated in the described building (or adjacent thereto) for use therein ; or if (any usage or custom of trade or manufacture to the contrary notwithstanding) there be kept, used or allowed on the above-described premises," among others enumerated, " gasoline," the policy shall be void. The plaintiffs, thus having control of the premises, which included the building, were placed under the obligation of seeing that no gasoline was used in violation of the terms of the policy. Yet they leased the platform at the rear of the building to a man who, for some time prior to the fire, used a gasoline lamp, resulting in the very consequence which the underwriter had stipulated against. The fact that the plaintiffs claim not to have known that the gasoline lamp was used is no defense, their ignorance being no excuse for failing to perform the obligation they assumed of seeing to it that no gasoline was used on the premises.

We think that the disposition made by the trial judge was right, and the judgment appealed from should be affirmed, with costs.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and McLAUGHLIN, JJ., concurred.

Judgment affirmed, with costs.