[S. F. No. 1819.   Department One. — May 24, 1901.]

## LALLA T. ALLEN, Respondent, v. HOME INSURANCE COMPANY OF NEW YORK, Appellant.

FIRE INSURANCE — POLICY ON BUILDING WHILE OCCUPIED AS DWELLING — CONDITION OF RECOVERY — PLEADING — DEMURRER. — In an action upon a policy of fire insurance, which, by its terms, insured a building "while occupied as a dwelling-house," the plaintiff, in order to recover, must prove that the fire occurred while the premises were occupied as a dwelling-house, and, in order to state a cause of action, must aver that fact in the complaint, and in the absence of such averment it is error to overrule a general demurrer to the complaint.

ID. — DEFENSE — BUILDING OCCUPIED AS DISREPUTABLE TAVERN AND BAWDY-HOUSE. — An answer averring that the insured building was not occupied as a dwelling-house, but at all times after the policy was issued the building was occupied as a disreputable roadside tavern and bawdy-house, and was so occupied at the time of the fire, states a good defense.

ID. — ACTUAL NOTICE TO PLAINTIFF IMMATERIAL — PRESUMPTION. — It is immaterial whether the plaintiff had or had not actual notice that the premises were used for purposes other than a dwelling-house. The liability of the insurance company is limited by the terms of the contract; and the insured cannot commit the control of the insured premises to another, and avoid responsibility for want of notice; but he must be presumed to have notice, whether the premises are occupied by himself or tenant.

ID. — INTEREST OF PLAINTIFF AS MORTGAGEE — STIPULATION IN POLICY — KNOWLEDGE OF PLAINTIFF'S INTEREST — WAIVER. — Where the only interest of the plaintiff in the insured premises was that of a mortgagee, which, by the terms of a stipulation in the policy, would vitiate it, as being " other than the entire unconditional and sole ownership of the property," if it appears that the insurance company knew the extent of the plaintiff's interest, and issued the policy to plaintiff with such knowledge, all conditions inconsistent therewith were waived by such issuance.

ID. — RENEWED POLICY AFFECTED IN SAME MANNER AS ORIGINAL. — A renewed policy of insurance issued to the plaintiff is affected by the knowledge and acts of the defendant and its agent in issuing the original policy.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   John Hunt, Judge.

The facts are stated in the opinion of the court.

E. W. McGraw, for Appellant.

Frank J. Sullivan, for Respondent.

THE COURT.—This action was brought to recover on a policy of fire insurance insuring plaintiff in the sum of two thousand two hundred dollars "on one-story shingle-roof frame building and its additions adjoining and communicating, *while occupied as a dwelling-house.*"

The case was tried before a jury, and a verdict rendered for plaintiff. Defendant appeals from the judgment, on the judgment roll and a bill of exceptions.

The appellant urges certain errors of law as grounds for reversing the judgment. It is first claimed that the court erred in overruling the demurrer to the amended complaint. The principal contention under this head is, that the complaint does not allege that the building, at the time of the fire, was occupied as a dwelling-house. It was in the contract between the insurer and the insured, that the premises were insured while occupied as a dwelling-house. It was essential for plaintiff to prove that the fire occurred while the premises were occupied as such dwelling-house. If it was essential to prove such fact, it was essential to allege it. Each party must allege every fact which he is required to prove, and will be precluded from proving any fact not alleged. (*Green* v. *Palmer*, 15 Cal. 413;[1] *Spring Valley Water Works* v. *San Francisco*, 82 Cal. 323.[2])

In declaring upon a contract of insurance, so much of it as will show a right to recover must be set out, in terms or in substance. (2 May on Insurance, 4th ed., sec. 589.)

Accordingly, it has been held that where the policy was upon the stock of a commission merchant, while in a certain warehouse, the complaint must allege that the stock was in such warehouse at the time of the fire. (*Todd* v. *Germania Fire Ins. Co.*, 1 Mo. App. 472.)

Where a policy of insurance confined the insurance to the building while located and occupied by the plaintiff in the town of Newfane, it was held that the case should be reversed because the condition was not alleged in the complaint. (*Powers* v. *New England Fire Ins. Co.*, 68 Vt. 390.)

The allegation was not merely a condition precedent, as re-

[1] 76 Am. Dec. 492.          [2] 16 Am. St. Rep. 116.

ferred to in section 457 of the Code of Civil Procedure. It went to the very essence of plaintiff's right to recover. Certain conditions subsequent to the right of recovery, matters of defense, the non-performance of conditions subsequent, and certain negative prohibited acts need not be pleaded by plaintiff; but the rule does not extend to the essence of the cause of action. The facts alleged in this complaint may all be true, and yet the plaintiff not be entitled to recover. She could not recover unless she proves more than the complaint alleges. It was therefore error to overrule the demurrer.

The answer alleges as a special defense, that at no time after said policy was issued was said building occupied as a dwelling-house, but at all times after said policy was issued it was occupied as a disreputable roadside tavern and bawdy-house. There was, at least, sufficient evidence on this point to entitle defendant to have the question submitted to the jury. If the premises were in fact occupied as a bawdy-house and saloon at the time of the fire, this was a good defense. (May on Insurance, 4th ed., sec. 245, and cases cited.) The court so instructed the jury, in the following language: "The insured premises were insured only while occupied as a dwelling-house. The burden of proof is on the plaintiff to show that at the time of the fire the premises were occupied as a dwelling-house. A bawdy-house and saloon is not a dwelling-house, within the meaning of that term in this policy of insurance, notwithstanding persons may dwell there."

The defendant requested the court to instruct the jury as follows: "If the jury believe from the evidence that at the time of the insurance, and at the time of the fire, the premises were occupied and used as a roadside bawdy-house and saloon, then your verdict will be for the defendant."

The court refused to give said instruction as requested, but modified it by adding, after the word "saloon," "*and that plaintiff knew or had notice thereof.*"

The court also, at the request of plaintiff, instructed the jury as follows: "If you find from the evidence that at the time of the execution of the policy sued on, the plaintiff had no notice or knowledge, and no means of knowledge, as to the character of the house and its inmates, and that she made no representations whatever in relation thereto, then I instruct you that her rights cannot be affected thereby."

It is thus made plain to the jury that the use of the house

for purposes other than a dwelling-house would not forfeit the policy, unless plaintiff had knowledge of such use. As the plaintiff testified that she had no such knowledge,—and her evidence was not contradicted,—the instruction, as given, at once destroyed the defense claimed by defendant. The court erred in so instructing the jury. The policy was a contract to pay only in case of loss of the insured premises while occupied as a dwelling-house. The liability was limited by the terms of the contract, and such limitations are held valid. It is the business of the insured, and the burden is upon him, to see that the premises are not used in such manner as to make void the policy. The insurer is at liberty to select the character of risk he will assume, and he is not liable, except upon proof that the loss occurred within the terms of the policy. The insured cannot commit the control of the insured premises to another, and avoid responsibility on the ground of want of notice. He is presumed to have notice, whether the premises are occupied by himself or tenant. (Phillips on Insurance, sec. 866; Ostrander on Fire Insurance, sec. 331; 1 May on Insurance, 4th ed., sec. 227; *Liverpool etc. Ins. Co.* v. *Gunther*, 116 U. S. 113; *Slinkard* v. *Manchester etc. Ins. Co.*, 122 Cal. 595; *Mawhinney* v. *Southern Ins. Co.*, 98 Cal. 184; *Kohlman* v. *Selvage*, 34 App. Div. 380; 54 N. Y. Supp. 230; *Kelly* v. *Worcester Mut. Fire Ins. Co.*, 97 Mass. 286.)

It is further contended that the only interest of plaintiff in the insured property was that of a mortgagee, while the policy provided that "if the interest of the assured be or become other than the entire unconditional and sole ownership of the property, or if the building insured be on ground not owned by the assured in fee-simple, then, in every such case, this policy shall be void, unless otherwise provided by agreement indorsed hereon."

We think the evidence shows that the defendant knew the interest of plaintiff in the premises, and issued the policy with such knowledge. The witness Thompson testified that he attended to plaintiff's insurance business, and in July, 1895, he went to a Mr. Everett, the counter-clerk of defendant, and stated all the facts, and that plaintiff was mortgagee and had commenced foreclosure proceedings; that with full knowledge of such facts defendant issued a policy for one year; that at the expiration of the year he went again to the defendant and asked for another policy for a year, when it issued the policy

upon which this suit is brought. The present policy is a renewal of the first one-year policy, and, as such renewal, is affected by the knowledge and acts of defendant and its agent in issuing the original policy. (*Kruger* v. *Fire and Marine Ins. Co.*, 72 Cal. 94,[1] and cases cited; May on Insurance, 4th ed., sec. 70a.)

The issue of a policy upon known facts waives all conditions inconsistent therewith. (May on Insurance, 4th ed., secs. 133a, 294b; *Kruger* v. *Fire and Marine Ins. Co.*, 72 Cal. 94.[1])

The judgment is reversed and the cause remanded, with directions to allow the plaintiff a reasonable time to amend her complaint if so advised.