MARIA COFFARO, as Administratrix, etc., of ANTONIO COFFARO, Deceased, Respondent, *v.* QUEEN INSURANCE COMPANY OF AMERICA, Appellant.

Fourth Department, June 29, 1926.

Insurance — fire insurance — defense that hazard was increased by means within knowledge and control of insured contrary to provision of policy — act of tenant of insured in distilling alcohol increased hazard as matter of law — provision in policy that policy would not be invalidated by any act or neglect of landlord or other occupant of building prevented assertion of said defense.

This action is to recover on a fire insurance policy. The defense based on a provision in the policy is that the hazard was increased by means within the knowledge and control of the insured in that a tenant of the insured used a portion of the premises for the purpose of distilling alcohol. The installation of stills and the storing of large quantities of alcohol constituted an increase of the hazard within the meaning of said provision of the policy, as a matter of law.

But the defendant cannot take advantage of that provision in the policy and will not be permitted to assert a defense based thereon, since the policy contains another provision to the effect that the policy would not be invalidated by any act or

neglect of the landlord, the insured, or other occupant of the building.  Said provision constitutes a covenant on the part of the defendant that the policy shall not be void if the hazard is increased by some other occupant of the building.

APPEAL by the defendant, Queen Insurance Company of America, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 11th day of March, 1926, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*Decker & Menzie* [*George P. Decker* of counsel], for the appellant.

*Anthony Miceli,* for the respondent.

HUBBS, P. J.  Antonio Coffaro, deceased, in his lifetime, owned a frame building at No. 249 Central Park, Rochester, N. Y.  The upstairs part of the building was occupied as his dwelling.  His family consisted of himself and wife and several children.  On the ground floor he conducted a grocery store and market.  On November 15, 1924, early in the morning, a fire occurred.  Prior to the fire the deceased had transferred the title to the real estate to his wife.  He continued to occupy the ground floor for a store and market as a tenant under his wife.  To the rear of the main store there was a storeroom, occupied by the deceased.  To the rear of that was a lean-to, or one-story annex.  The only entrance to the annex was from the driveway.  It did not open into the storeroom.  About a month before the fire the deceased had leased the annex to a man by the name of Ciali for the purpose of storing and dealing in olive oil.  At the time of the fire the deceased was insured in the defendant insurance company, which issued a New York standard form of policy.  On the morning of the fire the insured got up early and went downstairs to the store.  Shortly thereafter he shouted " fire " and his wife got the children together and out of the building.  A short time after he shouted " fire " there was an explosion which wrecked the building.  He met his death there in some unknown way, probably as a result of the explosion.  Proofs of loss were filed by the respondent as his administratrix, the defendant declined to pay, and this action was brought to recover on the policy.  There are several other policies and this case is in the nature of a test case.

The answer sets up that the loss was caused by an explosion and that it was not covered by the policy.  The jury found against the defendant upon that defense and that question is not here for review.

The answer also sets up as a defense that the hazard was increased

by means within the knowledge and control of the insured, that is, by the distilling of alcohol. This defense raises the only question of importance on this appeal.

After the fire it was discovered that stills were located in the leased annex, and that there was a large quantity of alcohol therein and elsewhere on the premises. It seems that a rubbing alcohol called " Velva " was stored on the premises, and it is supposed that that was distilled. Ciali disappeared and was not produced as a witness. It was discovered after the fire that he had tapped the gas pipe in the cellar and was probably stealing gas from the gas company. I think there is no doubt but what the installation of stills and the storing of large quantities of alcohol constituted an increase of the hazard as a matter of law. Ordinarily the question of increase of hazard is one of fact, but there are cases where it is a question of law.

The trial judge submitted specific questions to the jury:

*First.* " Did the explosion precede the fire? " The jury answered " no."

*Second.* " Did the fire occur while the premises were being used for purposes by which the hazard was increased?" The jury answered " yes."

*Third.* " If your answer to the previous question is ' yes,' was this within the knowledge or control of the insured? " The answer was " no."

*Fourth.* " Did the insured furnish the company with a proper proof of loss? " The answer was " yes."

The jury then found for the plaintiff in the sum of $554.96.

It is now urged by the appellant that the finding of the jury that the increased hazard was not within the knowledge or control of the insured was contrary to and against the weight of the evidence. There is no evidence in the case that the insured knew that Ciali was operating a distillery. There is no evidence that he had, in fact, ever operated a distillery, except as that fact might be inferred from the physical conditions discovered after the fire. It is probably true that he did operate a distillery and that the insured knew about it, and very likely the finding of the jury upon that proposition might be said to be against the weight of the evidence, and to require a reversal if that question alone controlled the decision of the case.

It is also urged by the appellant that whether or not the insured actually knew that a distillery was being operated is immaterial as a matter of law, that there should have been a nonsuit as there was a violation of that clause in the policy which provides: " Unless otherwise provided by agreement in writing added hereto this com-

pany shall not be liable for loss or damage occurring  \* \* \* while the hazard is increased by any means within the control or knowledge of the insured." It is contended that the premises in question were within the control of the insured and that, being within his control, any increase of hazard therein made the policy void. The appellant relies upon the case of *Kohlmann* v. *Selvage* (34 App. Div. 380). In that case a tenant of a back porch or platform attached a gasoline lamp to the side of the building which exploded and caused the building to burn. The policy in that case provided that if gasoline be kept on the premises or if gas or vapor be generated, the policy was to be void. It was not limited to the knowledge or control of the insured. Under the policy in that case the insured was bound to see to it that no gasoline was used in violation of the terms of the policy. It is urged that that case is authority for the appellant's position because it was the duty of the insured in this case to see to it that the hazard was not increased. However, that contention does not have the force in this case that it had in that case, for here the duty of the insured was limited to an increase of the hazard within his knowledge or control.

The appellant also relies upon the case of *Appleby* v. *Firemen's Fund Insurance Company* (45 Barb. 454). That case was later retried and reached the Court of Appeals, and is reported in *Appleby* v. *Astor Fire Ins. Co.* (54 N. Y. 253). There a tenant who was occupying a part of a business block for a tobacco warehouse leased an upper story for a manufacturing business. Under the terms of that policy an increased hazard was thus created. The court held that where the policy covered the goods in any part of the building and the insured sublet a part of the building for a business which constituted an increased hazard, the policy was violated. This significant clause occurs in the opinion: " If they had only insured goods in the basement of this building, then the clause which prohibited an increase of risk by means within the control of the assured would not apply."

Those are the only two cases in this jurisdiction relied upon by the appellant to establish the rule that an insured who leases part of the premises is bound by the act of his tenant if the tenant increases the hazard even without his knowledge, upon the theory that the premises leased are within the control of the insured. The question is not entirely free from doubt and courts have held contrary views in different jurisdictions. (*Merrill* v. *Insurance Company of North America*, 23 Fed. 245; *Royal Exchange Assurance of London* v. *Thrower*, 240 id. 811; 246 id. 768; *Edwards* v. *Farmers Mutual Insurance Association*, 128 Ga. 353; 12 L. R. A. [N. S.] 484.)

It will be noticed that the policy provides that the company

shall not be liable where there is an increase in the hazard " unless otherwise provided by agreement in writing added hereto." The policy in question has attached to it a printed rider bearing the name of the James Johnson Agency. The following clause is printed as a part of the rider: " It is understood that this policy shall not be invalidated by any act or neglect of the landlord or any other occupant of said building." I take it that there can be no question but what Ciali was an " other occupant " of said building. The clause may be understood, therefore, as though it read " This policy shall not be invalidated by any act of Ciali." The clause in question, being added to the policy by the appellant, must be construed most favorably to the respondent, and if there is any ambiguity or uncertainty it must be resolved in favor of the respondent. In 26 Corpus Juris (at p. 201) it is said: " But where it is stipulated that the policy shall be void if the risk is increased by any act of ' insured ' or by any means within his control or knowledge, alterations made by a tenant without the knowledge or consent of insured will not avoid the policy." In Richards on Insurance (3d ed. 333), referring to the increase of hazard clause, it is said: " This clause has no application to conditions expressly provided for by other clauses of the policy. Thus it is obvious that the insured is entitled to the full benefit of all the written permits that may be regularly obtained and attached to the policy, for hazardous use or occupation * * * for anything agreed to by the company in writing, regardless of the effect upon the risk."

I have been unable to find any decision construing this particular clause or any clause like it. It seems to me, however, that the clause has the effect of withdrawing from the company the defense that the risk has been increased by some other occupant of the building with the knowledge and consent of the insured or by means within his control. It is a covenant on the part of the insurance company that the policy shall not be void if the hazard is increased by some other occupant of the building.

It must be that the very purpose of the clause is to relieve a tenant from the danger of being deprived of his insurance by the defense that some other tenant in the building has increased the hazard within the control or knowledge of the insured and to relieve the landlord from the same defense where a tenant or subtenant has increased the hazard. With such a clause attached to the policy all presumptions must be indulged in favor of the insured.

The judgment and order should be affirmed, with costs.

CLARK, SEARS, CROUCH and TAYLOR, JJ., concur.

Judgment and order affirmed, with costs.