THEODORE H. MILLER, Appellant, *v.* AMERICAN EAGLE FIRE INSURANCE COMPANY, Respondent.

(Argued January 17, 1930; decided February 11, 1930.)

*Harry C. Barker* and *John B. Grubb* for appellant. There was no change of user of the premises during the term of the policy in force at the time of the fire which in any way rendered it void or impaired its obligation on the part of the defendant. (*Robins* v. *Springfield Fire & Marine Ins. Co.*, 149 N. Y. 477; *Short* v. *Home Ins. Co.*, 90 N. Y. 16; *Walker* v. *Phenix Ins. Co.*, 156 N. Y. 628.) The defendant is liable even though gasoline was used as fuel. (*Kohlman* v. *Selvage*, 34 App. Div. 380; *Coffaro* v. *Queens Ins. Co.*, 217 App. Div. 197.)

*John E. Mack* for respondent. The change of user of the insured premises from a dwelling house into a general restaurant and tourists' inn constituted an increase of hazard and voided the policy. (*Hobby* v. *Dana*, 17 Barb. 111; *Williams* v. *Peoples Fire Ins. Co.*, 57 N. Y. 274; *Wood* v. *Hartford Fire Ins. Co.*, 13 Conn. 544; *Wall* v. *East River Mutual Ins. Co.*, 7 N. Y. 370; *Appleby* v. *Astor Fire Ins. Co.*, 54 N. Y. 253; *Kohlmann* v. *Selvage*, 34 App. Div. 380; *Westchester Fire Ins. Co.* v. *Oceanview Pleasure Pier Co.*, 106 Va. 633; *Fire Assn.* v. *Williamson*, 26 Penn. St. 196.) The use of gasoline on the insured premises suspended the protection of the policy. (*Kohlmann* v. *Selvage*, 34 App. Div. 380; *Westchester Fire Ins. Co.* v. *Oceanview Pleasure Pier Co.*, 106 Va. 633; *Fire Assn.* v. *Williamson*, 26 Penn. St. 196.)

CRANE, J. The defendant insured a dwelling house owned by the plaintiff, and located on the South road of Poughkeepsie, on the main highway of the Albany Post

road. The amount of the insurance was $6,000. There were three extensions, or renewals, of the policy, each covering a three-year period. The premises were used as a tea room as well as dwelling house, and later, for a period of some months before the fire, a restaurant had been conducted on the premises under the title of " Cedar Hill Farm." The signs on the house called attention to " Cedar Hill Farm's Blue Plate Dinner." As many as sixty in the good season had been fed in the dining room. In the kitchen was the usual cooking stove and kitchen utensils. One of the tenants had installed a gasoline stove or range in the kitchen, which proved to be the cause of a fire on October 20, 1925, destroying the building. The gasoline was kept in a tank near the stove, and fed from there to the stove. The tank carried five gallons, and the quantity generally used was three gallons. When the fire occurred, the occupants were pouring gasoline into the tank, after having just put out the light in the stove. The heat evidently caused an explosion which resulted in the fire.

The owner, Mr. Miller, the plaintiff in this action, knew that there was a restaurant being conducted in the place, for he took some meals there. There is no evidence that he knew about the installation or the use of the gasoline stove or the storage of gasoline on the premises.

The insurance company has successfully resisted payment of the insurance because of breach of conditions or because by the terms of the policy the risk was not covered. The policy contained the following provisions:

" *Use of gasoline* — Permission to keep on hand not exceeding one quart of gasoline, benzine or naphtha for household use, but the use thereof for cooking, heating or lighting is prohibited without special permission endorsed on this policy."

The policy further stated: " Unless otherwise provided by agreement in writing added hereto this Company shall not be liable for loss or damage occurring. * * *

" (b) while the hazard is increased by any means within the control or knowledge of the insured; or    *    *    *

" (d) while there is kept, used or allowed on the described premises    *    *    *    benzine, gasoline," etc.

Whatever question might arise under clause (b), above quoted, because of a subtenant storing gasoline without the knowledge and beyond the control of Miller, the owner, no such question can arise as to the other clauses quoted. *Coffaro* v. *Queen Ins. Co.* (217 App. Div. 197), and the cases therein cited, refer to the increased risk caused by a tenant or subtenant without the knowledge of the insured. His knowledge or control is immaterial as to risks which the policy specifically excludes. The use of gasoline for cooking or lighting is prohibited, without special permission indorsed on the policy. Such permission was never obtained. The fire occurred through the use of gasoline for cooking purposes. This was a cause against which the policy did not run. It was a risk which the company specifically refused to undertake. The knowledge or the control of the owner was immaterial. This was the contract and he, not the company, assumed responsibility for the acts of the tenant or subtenant. The same reasoning applies to subdivision (d), wherein it is expressly stated that the company shall not be liable for loss occurring while gasoline is kept on the premises. To hold the company to liability in this case because the gasoline was kept by a tenant and not by the landlord, or was kept without his knowledge, would be to rewrite the policy and make a new contract for the parties. The insurance company may be strictly held to its policy; its contract may even be liberally construed in favor of the policyholder, but the losses which it has specifically excluded cannot be brought within the insurance by a ruling of the courts. The contract which the parties have made limits the power of the courts. The law can declare a liability based upon the contract, but it has no power to make a contract. (See *Liverpool & London Ins. Co.* v.

*Gunther*, 116 U. S. 113, 128; *Gunther* v. *Liverpool & London & Globe Ins. Co.*, 134 U. S. 110; *Duncan* v. *Sun Fire Ins. Co.*, 6 Wend. 488; *Mead* v. *Northwestern Ins. Co.*, 7 N. Y. 530, 533; Richards on Insurance Law [3d ed.], p. 356, § 269.)

The judgment should, therefore, be affirmed, with costs.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed, etc.