SAM GEORGE, Appellant, *v.* THE MOHAWK FIRE INSURANCE COMPANY and Another, Respondents.

Fourth Department, June 29, 1932.

*Lee, Brennan & Bastow* [*Earle C. Bastow* of counsel], for the appellant.

*Edward L. O'Donnell,* for the respondents.

PER CURIAM. The suit is on two insurance policies, each of which contains a provision that the policy is void " While * * * there is kept, used or allowed on the described premises * * * gasoline," etc. The house was occupied by tenants who were relatives of the owner, and there is convincing proof that the fire was of incendiary origin and that gasoline was the agency used in setting the fire. Our Court of Appeals has held (*Miller* v. *American Eagle Fire Ins. Co.*, 253 N. Y. 64) that a policy containing the same provision as that quoted above was made void by the use,

by a tenant, of gasoline for cooking purposes, though without the owner's knowledge or consent. The *Miller* case holds that a loss occurring by reason of the use of gasoline on the premises was one not within the coverage of the policy. The defendants here contend, and the court, in substance, charged, that use of gasoline as the means of deliberate destruction of the building by a person other than the owner, without his knowledge or consent, was such use as is contemplated by the above-quoted provision of the policy. With this conclusion we disagree. Such a construction of the word " use " would destroy a policy even though a trespasser came upon the insured premises and committed the crime of arson, using gasoline as the agency in committing the crime. If that were the result intended it were better that the policy provide, in so many words, that any loss occurring through the agency of gasoline is a risk not assumed. Our construction of the word " use " is not to be taken as indicating any opinion on our part of the general merits of plaintiff's claim.

The judgment in favor of defendants should be reversed on the law and a new trial ordered, with costs to the appellant to abide the event.

All concur.

Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event.