[Civ. No. 7298. Second Appellate District, Division Two.—January 30, 1935.]

KATHERINE H. GUNDERSON, Respondent, v. HARLEY J. GUNDERSON, Appellant.

Chas. L. Nichols and Kemper Campbell for Appellant.

Scott N. Thompson for Respondent.

WILLIS, J., *pro tem.*—The parties herein were formerly husband and wife. In 1927, by judgment of a court of the state of Minnesota, they were divorced, and by the decree therein it was adjudged that the husband, appellant herein, should pay to respondent for the support of herself and a minor son the sum of $300 per month, commencing September 1, 1927, until such time as respondent remarries; and that should she remarry, then appellant was to pay to her the sum of $150 per month for the support of the minor son, while the son lived with her and until he attained the age of twenty-one years. It was further adjudged that appellant should carry and keep in force upon his own life $30,000 of life insurance, with respondent as beneficiary, not to be changed except in the event that respondent remarry, and in that event the appellant would be permitted to change the beneficiary from respondent to the minor son; that appellant should pay all premiums thereon when due and deliver to respondent the receipts for such payments; that appellant should obtain and carry and keep in force a policy of life insurance in the sum of $10,000, with the minor son as beneficiary therein, on which

appellant should pay all premiums when due and furnish respondent the written evidence of such payments.

By an amended complaint filed October 20, 1929, in the Superior Court of Los Angeles County, respondent set forth the judgment above referred to *in haec verba,* and alleged that appellant had failed to pay any sum required thereby except the sum of $200 per month from November 1, 1928, to October 1, 1929, inclusive, and that there was unpaid the sum of $100 per month for the months above mentioned, amounting to the sum of $1200; and further alleging that appellant had failed to deliver receipts for premiums paid on the $30,000 insurance policy. In a second cause of action she complains that appellant had failed to comply with the dictates of the decree of the Minnesota court in respect to the $10,000 insurance policy, and has refused and still refuses to furnish respondent with any written evidence of payment of premiums on said policy. To this complaint and to each cause therein appellant interposed a general demurrer, and a special demurrer on the grounds of ambiguity and uncertainty in respect to the validity of the divorce decree and whether respondent had remarried, and whether respondent had ever demanded or requested delivery of the receipts for premiums on the two insurance policies. The demurrer was overruled, and appellant having declined to answer, his default was entered, and on December 16, 1929, after hearing the evidence, the court entered judgment against appellant for the sum of $1100 with certain specified interest thereon, and that appellant keep in full force the $30,000 insurance policy, respondent to be named therein as beneficiary, and that receipts for premiums thereon be delivered to respondent; and further, that appellant keep in full force the $10,000 policy with the minor son as beneficiary therein, and deliver to respondent receipts showing payment of premiums thereon.

Appeal from this judgment was taken and the record thereof lodged in this court on April 1, 1930, and an opening brief was filed August 4, 1930. The subsequent delay in hearing was due to stipulations of the parties to postpone until a decision was made in the Minnesota court on a pending motion to modify the judgment entered therein and on which this action was based. That decision was not made until June 9, 1934, whereupon by leave of this court appel-

lant was permitted to offer and present as additional evidence herein a certified copy of the modified judgment so entered. By consent of both parties the cause was submitted on the merits of the appeal and as affected by such additional evidence. Appellant earnestly contends that the court erred in overruling his demurrer and that the judgment should therefore be reversed, on the ground that the first cause of action in the complaint was fatally defective for failure to state therein that plaintiff was still unmarried or had not remarried since the Minnesota judgment had been entered; and as to the second cause of action, that it fails to state facts sufficient to support any relief.

The Minnesota judgment which may be considered as a contract, provided in effect that appellant pay respondent $300 per month ''until such time as plaintiff should remarry'', and only $150 per month if she should remarry. She sued for $300 per month over a period, alleging that only $200 per month thereof had been paid. It is at once patent that if she had remarried prior to the period mentioned she would not be entitled to $300 but to only $150 per month under the judgment, which was a lesser amount than she had already received. The complaint is silent in respect to this event. It cannot be ascertained therefrom, nor does it appear in the evidence given at the trial, whether she was still unmarried or was remarried at the time in question.

In this state the complaint must contain a statement of the facts constituting the cause of action in ordinary and· concise language. Only such facts need be alleged as are required to be proved, except to negative a possible performance of the obligation which is the basis of the action or to negative an inference from an act which is in itself indifferent. (*Payne & Dewey* v. *Treadwell,* 16 Cal. 221, 243.) The party must allege every fact which he is required to prove, but must allege nothing affirmatively which he is not required to prove. Negative allegations, however, are frequently necessary, though they are not to be proved. A negative allegation is to be proved only where it constitutes a part of the original substantive cause of action upon which the plaintiff relies, and this is an exception to the general rule. (*Melone* v. *Ruffino,* 129 Cal. 514, 520 [62 Pac. 93, 79 Am. St. Rep. 127].) This is undoubt-

edly the rule, entirely in accord with section 1869 of the Code of Civil Procedure, wherein it is provided that evidence need not be given in support of a negative allegation except when such negative statement is an essential part of the statement of the right on which the cause of action is founded. (*Estate of Latour,* 140 Cal. 414, 421 [73 Pac. 1070, 74 Pac. 441].) ■ Herein an allegation that the plaintiff had not remarried was an essential part of the statement of the right on which she founded her cause of action. There should have been an allegation negativing remarriage, because without such negation in the complaint a possible previous performance of the contract by defendant would appear. As written, all the allegations in respondent's complaint may be true and yet she might not be entitled to recover. She was entitled to the $300 per month only until she remarried. After remarriage a different and lighter obligation was imposed on appellant, which by the other allegations of the complaint would be shown to have been fully performed. We are satisfied that the failure to negative remarriage in the complaint constitutes a fatal omission to allege a part of the original substantive cause of action.

■ Nor can the presumption that "a thing once proved to exist continues as long as is usual with things of that nature" have any application herein. Beside the doubtful question of the application of such presumption to the status of a person in respect to marriage, it has been held that the presumption is a rule of evidence and has no application to the statement of facts in a pleading, and cannot take the place of an allegation of an essential fact. (*Fredericks* v. *Tracy,* 98 Cal. 658 [33 Pac. 750] ; *Irish* v. *Sunderhaus,* 122 Cal. 308 [54 Pac. 1113] ; *Pettit* v. *Forsyth,* 15 Cal. App. 149, 158 [113 Pac. 892].)

The right of respondent to recover under her first cause of action depended on her continued status as an unmarried person. In *Lee Doon* v. *Tesh,* 68 Cal. 43 [6 Pac. 97, 8 Pac. 621], the court held that when a right is conferred upon a particular class of persons, or by reason of possessing some special qualifications or status, he who claims such right must show himself to belong to the class designated, or to possess the qualification prescribed or the status mentioned as the basis of the right. The clause in the judgment

herein, "until such time as the plaintiff remarries", may be transposed and read with the same effect as follows: "while plaintiff remains unmarried". In *Allen* v. *Home Ins. Co.*, 133 Cal. 29 [65 Pac. 138], and in *Arnold* v. *American Ins. Co.*, 148 Cal. 660 [84 Pac. 182, 25 L. R. A. (N. S.) 6], the court was considering the sufficiency of complaints to recover insurance on a policy wherein it was provided that loss would be paid if occasioned by destruction of a building by fire "while occupied as a dwelling house". With the similarity of this clause to that in the divorce judgment herein in mind, it is significant to note that the court in those cases held that as it was in the contract that the premises were insured while occupied as a dwelling house, it was essential to allege and prove that at the time of fire the building was occupied as a dwelling house; that the allegation was not merely a condition precedent, as referred to in section 457 of the Code of Civil Procedure, but went to the very essence of plaintiff's right to recover.

For the reasons above given and under the rules above stated we must hold that the demurrer to the first cause of action herein was improperly overruled.

█ The demurrer to the second cause of action should have been sustained. The allegation that "defendant has refused and still refuses to so comply with the dictates of said decree and has refused and still refuses to furnish this plaintiff with any written evidence of payment of premiums on said life insurance policy", does not contain a statement of facts in support of a cause of action, but is merely the pleader's conclusion in respect to a breach of the obligations imposed on appellant by the judgment in question. In regard to this second cause of action, we deem it appropriate at this time to suggest that in the event respondent exercises her right to replead such cause by an amended complaint, careful consideration be first given to the question whether she may sue to enforce the contract made solely for the benefit of the minor son, a third party thereto. Concerning this question we do not herein make or intend to make any decision, it not being presented on this appeal.

As this cause must be remanded for further proceedings in the court below, it is necessary to determine one other point raised by appellant by his demurrer and argued

herein, relating to the validity of the judgment pleaded. We have examined the record and Minnesota law in the light of appellant's contentions and are satisfied that the document certified as a judgment is substantially in compliance with the laws of Minnesota, and constitutes a valid judgment thereunder.

As a reversal of the judgment herein is required, it becomes unnecessary to pass upon, nor do we herein decide, the effect of the additional evidence of the later modification of the Minnesota judgment on respondent's rights under the original judgment.

The judgment is reversed and the cause remanded with directions to sustain the demurrer.

Stephens, P. J., and Crail, J., concurred.