## MERRILL v. WESTCHESTER FIRE INS. CO. OF NEW YORK et al.

### No. 7283.

Circuit Court of Appeals, Fifth Circuit.

Feb. 22, 1935.

Sam R. Merrill, of Houston, Tex., for appellant.

Will C. Thompson and Robert Lee Guthrie, both of Dallas, Tex., for appellees.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment entered on a verdict directed for appellee, defendant below, in a suit to recover on a policy of fire insurance. Error is assigned thereto.

The case was submitted on a stipulation as to the facts. From that it appears appellee had issued a fire policy to the then owners covering a one-story brick building in Houston, Tex., up to the amount of $4,000, running for three years, from September 25, 1926. The property was sold and conveyed to appellant on July 23, 1929. The same day, in response to a request over the telephone from his agent, the insurer's agent agreed to assign and transfer the policy to appellant. The policy was so indorsed and mailed to him the next day. On that date, July 24, 1929, the property was totally destroyed by fire. The policy contained a provision voiding it if gasoline in a quantity exceeding 25 pounds in weight, about 200 gallons, was stored in the building. The Etheridge Process Corporation had been a tenant in the building for a number of years and continued as a tenant of appellant. The building was in use as a plant for the manufacture of paint, in the making of which gasoline was used. At the time of the fire 16 drums of gasoline, each containing 55 gallons, more than four times the quantity permitted, were stored in the building, which gasoline contributed to the fire. The storage of large quantities of gasoline in the building was open and notorious and could have been easily discovered by inspection. Neither appellant nor appellee had made inquiry and neither had actual knowledge of the storage of an excess quantity of gasoline in the building.

It may be conceded, as contended by appellant, that the assignment of the policy, was equivalent to the issuance of a new policy, and appellee was estopped to set up any violations occurring before that time, but that is immaterial. The insurer was under no obligation to make inquiry before assigning the policy and only actual knowledge of a violation of the provision of the policy, occurring thereafter, could work an estoppel. On the other hand, the insured was chargeable with any violation of the gasoline provision by his tenant, whether he actually knew of it or not. As the violation continued after the policy was assigned and was material to the risk, appellant was not entitled to recover. Gunther v. Liverpool. & London & Globe Ins. Co., 134 U. S. 110, 10 S. Ct. 448, 33 L. Ed. 857; Kelly v. Worcester Mut. Fire Ins. Co., 97 Mass. 284; Ellis v. State Insurance Co., 68 Iowa, 578, 27 N. W. 762, 56 Am. Rep. 865; Aetna Ins. Co. v. Holcomb, 89 Tex. 404, 34 S. W. 915; Miller v. Am. Eagle F. Ins. Co., 253 N. Y. 64, 170 N. E. 495.

The record presents no reversible error.

Affirmed.