[Civ. No. 5577. Third Appellate District.—December 14, 1936.]

MRS. LAURA LERTORA, Respondent, v. GLOBE & RUTGERS INSURANCE COMPANY OF NEW YORK (a Corporation), Appellant.

Thornton & Taylor, Thornton, Menzies & Taylor and Thornton & Watts for Appellant.

Rowan Hardin for Respondent.

PLUMMER, J.—This cause is before us upon an appeal by the defendant Insurance Company from a judgment rendered against it in the sum of $500 based upon a policy of fire insurance. The policy provided, among other things, that the building involved in this action was insured only while it was occupied as a dwelling house. ▪ Whether the premises in question were or were not occupied as a dwelling house was the only question presented to the trial court, and is the only question tendered for our consideration.

The complaint alleged that the house destroyed by fire was used and occupied as a dwelling house. The answer set up the defense that the house was used and occupied for immoral purposes. A careful study of the pleadings would lead to the conclusion that there was no denial that the premises were used and occupied as a dwelling house, but also that the defendant alleges in its answer the additional use of the premises for immoral purposes. It may be stated here that no testimony was introduced tending to substantiate the allegations of the answer that the premises were also used for immoral purposes. In this action the appellant relies principally upon the following cases: *Allen* v. *Home Insurance Co.*, 133 Cal. 29 [65 Pac. 138], and *Gunderson* v. *Gunderson*, 4 Cal. App. (2d) 257 [40 Pac. (2d) 956], and the cases cited in the opinions of the cases just mentioned. These cases, however, have to do only with the construction of the pleadings involved therein. The sufficiency of proof to establish the fact, or sufficient facts to justify the trial court in drawing the inference that the premises insured were occupied for dwelling purposes, is not touched upon. All those cases principally relied upon by the appellant go off on the question that it is necessary for the plaintiff to allege and prove the occupation of the premises as a dwelling house, in order to entitle the plaintiff to judgment.

In the case at bar the plaintiff, after testifying that the property was used for dwelling purposes, stated that it was a six-room house, furnished, rented for the sum of $30 per month, that she lived within about 200 or 300 feet of the building, where she could see it, and that there was nothing to indicate any unlawful use of the building. The agent of the appellant likewise lived within a few hundred feet of the building.

Disregarding this testimony, the appellant sets out the following testimony of the witness, given on cross-examination:

"And from the time of July second, 1934, up to th'e time of the fire, you were never in these premises, were you? A. No, sir. Q. As a matter of fact, you don't know for what purposes these premises were occupied, do you? A. For a home; for living. Q. You don't know that of your own knowledge, do you? A. Yes, sir. Q. Isn't it a fact, Mrs. Lertora, you don't know what the occupancy of these premises was, but as a matter of fact you supposed that might have been what they were used for? A. Yes, sir, I suppose they were to live in. Q. But you don't know it as a matter of fact? A. I don't know how to answer that question. Q. You may go back again. You were never in these premises from the time the tenant took possession until the time of the fire? A. No, sir. Q. The only thing you were concerned in as to the occupancy was that you got your rent? A. Yes, sir. Q. You didn't care what the occupancy was, did you? A. No, sir. Q. The answer is no sir, isn't it? A. No, sir. Q. And at all times while this tenant occupied these premises, you had never been in the premises, had you? A. No, sir. Q. So that the fact is, that from July second, 1934, you never had been in the premises? A. No, sir. . . . Q. Then the fact is, as you have testified, I understand, that you didn't know for what purpose this house was used, or for what purpose or manner of occupancy the premises were occupied from the time, July 2, 1934, up to the time of the fire? A. She rented it as a home. *I don't know how she occupied it.* . . . Q. Did you ever on any occasion live in these premises yourself? A. No, sir. (Italics ours.)"

The fact that the premises were rented as a dwelling house, and for the purposes of a dwelling, situate within a very short distance from the home of the plaintiff, and that during the time the destroyed premises were occupied there was nothing to indicate that the premises were used or occupied for any other purpose, furnished grounds for an inference that the premises were occupied in accordance with the provisions of the insurance policy. Had the premises been used or occupied for immoral purposes, such acts would have constituted a violation of law, and the presumption always is that the law has been obeyed. (Code Civ. Proc., sec. 1963,

subds. 1 and 33.) We do not need to cite the number of recent California cases holding that a presumption is evidence.

This cause was tried before the court sitting without a jury and the trial court had before it the question of just what answers given by the plaintiff should be accepted by it as proving the fact or justifying the inference that the destroyed premises were used simply for dwelling purposes, and this is true even though the testimony of the plaintiff given on cross-examination apparently contradicted some portions of her testimony given on direct examination. The fact that the plaintiff was not in the dwelling house during the time it was rented cannot be considered of any special importance, in view of the fact that the destroyed premises were situate so closely to the home of the plaintiff, and that the plaintiff, during all the time, had an opportunity to view the same and observed no indication of anything in the use of the premises other than in accordance with the purposes for which it was rented, to wit, to be used for dwelling house purposes.

The judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 11, 1937.