Robert J. Albertson, Appellant, *v.* The Caroline Farmers Fire Insurance Company, Respondent.

Third Department, July 11, 1939.

*William Hazlitt Smith,* for the appellant.

*Monroe M. Sweetland,* for the respondent.

Schenck, J. This action is to recover under a fire insurance policy for the loss of certain household effects. The issues were tried before Mr. Justice Heath, without a jury.

It appears from the record that the plaintiff stored gasoline in steel drums located from nine to twelve feet from a barn on the premises. About 100 gallons of gasoline were delivered on May 3, 1937. Plaintiff's automobile truck was in the barn. Prior to the delivery of gasoline, plaintiff wrote a note, which he left on one of the drums on the premises, containing instructions to fill the tank of the truck. The note was not addressed to any specified person and the deliverer of the gasoline had been instructed by his employer not to fill tanks in cars in barns, which instructions he followed. On the evening of May 5, 1937, a young man named Russell, an employee of the plaintiff, saw the note and believing that it was meant for him, attempted to transfer gasoline from the steel drums to the truck in the barn, using a lighted lantern to enable him to see. A fire ensued, burning the barn and spreading to the house, fifty feet away. The house and personal effects therein were completely destroyed. The action was brought to recover for furniture, clothing and effects contained in the house.

The defendant is a mutual company and the policy contained this provision: " This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if — the hazard be increased by any means within the control or knowledge of the insured; — or if (any usage or custom of trade or manufacture to the contrary notwithstanding) there be kept, used or allowed on the above described premises — gasoline — or petroleum or any of its products of greater inflammability than kerosene oil of the United States Standard (which last may be used for lights, provided it be drawn and lamps filled by daylight or at a distance not less than ten feet from artificial light)."

It is the contention of plaintiff that there was no increase of hazard by any means within his control or knowledge and urges that the presence of the gasoline did not increase the hazard and did not cause the fire. He also claims that his employee, Russell, acted without his knowledge and was not under his control. Obviously, the storage of the gasoline within nine to twelve feet of the barn was known to the plaintiff and the drums were filled at his direction.

It is further contended by plaintiff that the storage of gasoline was merely casual and not habitual or permanent, and hence did not violate the terms of the policy. He relies upon the decision in *Hynds* v. *Schenectady County Mut. Ins. Co.* (11 N. Y. 554) and *Williams* v. *Fireman's Fund Ins. Co.* (54 id. 569). It is apparent that the storage of the gasoline was deliberate and not casual. The deliverer of the 100 gallons testified that he had previously delivered gasoline to these same drums. The burning of the barn, of course, was the cause of the burning of the house, located fifty feet away.

An insured cannot recover under a policy prohibiting the use and storage of gasoline on his premises if he deliberately violates the provision of the policy. It is immaterial whether or not he had knowledge that his employee would attempt to fill the tank of the truck by the aid of a lantern. In *Miller* v. *American Eagle Fire Insurance Co.* (253 N. Y. 64) the court held that a complaint in an action to recover on a policy was properly dismissed notwithstanding that there was no evidence that the insured knew that gasoline was being used on the premises by one of his tenants. In that case a tenant of the insured installed a gasoline stove in the kitchen, which proved to be the cause of the fire which destroyed the building. There was no evidence that the insured knew of the installation or use of the gasoline stove or the storage of gasoline on his premises. The court says (at p. 67): " His knowledge or control is immaterial as to risks which the policy specifically excludes.

The use of gasoline for cooking or lighting is prohibited, without special permission indorsed on the policy. Such permission was never obtained. The fire occurred through the use of gasoline for cooking purposes. This was a cause against which the policy did not run. It was a risk which the company specifically refused to undertake. The knowledge or the control of the owner was immaterial. This was the contract and he, not the company, assumed responsibility for the acts of the tenant or subtenant. The same reasoning applies to subdivision (d), wherein it is expressly stated that the company shall not be liable for loss occurring while gasoline is kept on the premises. To hold the company to liability in this case because the gasoline was kept by a tenant and not by the landlord, or was kept without his knowledge, would be to rewrite the policy and make a new contract for the parties. The insurance company may be strictly held to its policy; its contract may even be liberally construed in favor of the policyholder, but the losses which it has specifically excluded cannot be brought within the insurance by a ruling of the courts."

From the evidence the trial justice was amply justified in dismissing the complaint.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Judgment affirmed, with costs.